By the Court.
 

 The fatal weakness of appellee’s case is disclosed in counsels’ statement. In a single sentence her counsel have compactly but comprehensively set forth appellee’s claim, to wit: “In the case now before the court, Miss Eagle was returning from a call in Bond Hill and was on her way back to Pogue’s to take care of accumulated business and
 
 she paused en route to talce her lunch
 
 in order to save time.” (Italics ours.)
 

 We have carefully examined the record and are unable to find any evidence to sustain the claim that appellee’s injuries were received in the course of and arose out of her employment. There is nothing in the record to indicate that the taking of her lunch was any part of her duties. Therefore, when “she paused en route to take her lunch” she departed from her employer’s service for a reason personal to herself and not within the scope of her employment.
 

 
 *3
 
 It is the contention of appellee “that any employee-who breaks his working day with a lunch period is still engaged in the course of his employment. We believe this to be a general rule of law supported by cases hereinafter referred to. The foundation for this rule is the common sense fact that it is as much to the employer’s benefit as to the employee’s, to have the employee in good physical condition and able to work at his best.”
 

 If such reasoning be good then it would be equally tenable that sleep and recreation of an employee are also in the course of employment. Hence, if an employee fell out of bed and received an injury while getting needed sleep or broke his leg while getting needed recreation, such an injury would also be compensable.
 

 The factual situation in the instant case differs materially from the facts in the case of
 
 Industrial Commission
 
 v.
 
 Henry,
 
 124 Ohio St., 616, 180 N. E., 194, relied upon by appellee.
 

 The Workmen’s Compensation Act is to be liberally construed in favor of the claimant but to obtain an award there must be some evidence that the injury was sustained in the course of and arose out of claimant’s employment. When appellee entered a restaurant of her own choice (and over which premises her employer had no control) for the purpose of getting her lunch she was not in the course of her employment under the record in this case.
 

 Therefore, the judgment of the Court of Appeals should be and the same hereby is reversed and final judgment rendered for appellant.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Turner and Matthias,, JJ., concur.
 

 Bell, Williams and Hart, JJ., dissent.