Zimmerman, J.
 

 The unfortunate claimant herein ■suffered a disabling injury in an industrial accident, but was it an injury sustained under such conditions and circumstances as to justify or support an award ■of compensation?
 

 Under the Workmen’s Compensation Act of Ohio in its existing form, a compensable injury is one which is received in the course of and arises out of the employment. Section 1465-68, General Code. If an injury is not sustained in the course of employment and does not arise out of it, no compensation is allowable.
 

 Here, the claimant was a laborer whose duties in . and about the industrial plant where he was injured were limited in scope. When he voluntarily, deliberately and without authority or necessity stepped out
 
 *460
 
 of the orbit of his employment by attempting to operate the pressing machine — an undertaking altogether foreign to the work he was hired to do — he engaged in a pursuit and exposed himself to a hazard not contemplated by his employment as a laborer. His behavior constituted a- material deviation and departure-from his assigned tasks.
 

 In our opinion, the instant case is distinguishable on its facts from those cases involving a slight or inconsequential departure from the course of employment. See
 
 Industrial Commission
 
 v.
 
 Henry,
 
 124 Ohio St., 616, 180 N. E., 194;
 
 Tinsman Mfg. Co., Inc.,
 
 v.
 
 Sparks,
 
 211 Ark., 554, 201 S. W. (2d), 573;
 
 Bernier
 
 v.
 
 Greenville Mills, Inc.,
 
 93 N. H., 165, 37 A. (2d), 5; Horovitz, Current Trends in Basic .Principles of Workmen’s-Compensation (1947), 613.
 

 Upon the undisputed evidence, therefore, the claimant did not sustain an injury in the course of and arising out of his employment within the meaning of those terms as defined and applied in numerous decisions of this court.
 

 For example, see
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104;
 
 Industrial Commission
 
 v.
 
 Ahern,
 
 119 Ohio St., 41, 162 N. E., 272, 59 A. L. R., 367;
 
 Industrial Commission
 
 v.
 
 Lewis,
 
 125 Ohio St., 296, 181 N. E., 136;
 
 Industrial Commission
 
 v.
 
 Bateman,
 
 126 Ohio St., 279, 185 N. E., 50;
 
 Ashbrook
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 115, 24 N. E. (2d), 33;
 
 Eagle
 
 v.
 
 Industrial Commission,
 
 146 Ohio St., 1, 63 N. E. (2d), 439. Compare 58 American Jurisprudence, 721, 738, 743, Sections 212, 231, 238.
 

 A number of recent cases, factually similar to the-one before us, hold that where an employee voluntarily and of his own motion exposes himself to risks patently outside of and beyond the course of his regu
 
 *461
 
 lar employment, and without the knowledge or acquiescence of his employer, and sustains an injury, such injury is not compensable. See
 
 Morgan
 
 v.
 
 City of Guntersville,
 
 239 Ala., 669, 196 So., 877;
 
 Kensington Steel Corp.
 
 v.
 
 Industrial Commission,
 
 385 Ill., 504, 53 N. E. (2d), 395;
 
 Willette’s Case,
 
 135 Me., 254, 194 A., 540;
 
 Holloway
 
 v.
 
 Ideal Seating Co.,
 
 313 Mich., 267, 21 N. W. (2d), 125;
 
 Simon
 
 v.
 
 Standard Oil Co.,
 
 150 Neb., 799, 36 N. W. (2d), 102;
 
 Davis
 
 v.
 
 Wabash Screen Door Co.,
 
 185 Tenn., 169, 204 S. W. (2d), 87.
 

 It is plain from the evidence that Georgejakakis. was injured outside the sphere of his employment; not through an act which he improperly or unauthorizedly did within such sphere. A marked distinction exists between the two situations. See
 
 Laudato
 
 v.
 
 Hunkin-Conkey Construction Co.,
 
 135 Ohio St., 127, 19 N. E. (2d), 898. Horovitz on Workmen’s Compensation, 123
 
 et seq.
 

 This court has held that where an employee is injured in the performance of a voluntary act not approved by or known to his employer and wholly removed from the duties of his employment, such injury does not arise out of the employment and is not compensable. See
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl.,
 
 130 Ohio St., 175, 198 N. E., 276.
 

 We, of course, recognize and approve the principle that the Workmen’s Compensation Act is to be liberally construed in favor of an injured employee, but such libera] construction may not be extended to comprehend a case where the facts clearly show, as here, that at the time and place of injury the employee was designedly engaged in an unauthorized venture in no way connected with or causally related to the work he was hired to carry on.
 

 It must be remembered, too, that the Workmen's Compensation Act does not and is not intended to af
 
 *462
 
 ford the protection and coverage of a general accident insurance policy.
 

 For the reasons given the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Stewart, Turner and Taet, J J., concur.