This is another of those cases in which there is no dispute as to either the pertinent principle of law or the operative facts.
The vigorous dispute lies in the application of the undisputed law to the undisputed facts.
The facts are simple. The plaintiff was employed as a sales and service representative of the Electrolux Corporation. He had no specified working hours and could pursue his employment as late as he chose. On the night of his injury he delivered a vacuum cleaner to a customer about ten o'clock. He then stopped at the home of his supervisor. He left there about 10:45 o'clock, intending to visit a prospective purchaser and obtain an order for a cleaner. Instead of proceeding immediately to the home of the intended customer, he stopped at a cafe for the purpose of purchasing a package of cigarettes. And instead of merely purchasing cigarettes he remained in the cafe approximately 25 minutes, during which time he bought two glasses of beer, the second of which he did not finish drinking. When he left the cafe he started to cross the street to return to his parked automobile. While walking across the street he was struck and injured.
Counsel "stipulated and agreed that the only issue in this claim is whether or not the claimant's injuries *Page 477 
were sustained in and arose out of the course of his employment."
Many cases are cited. However, each decision depends, as here, on the particular facts involved. One of the cases discussed by both counsel is that of Eagle v. Industrial Commission, 146 Ohio St. 1, 63 N.E.2d 439, the defendant claiming that it is decisive of the instant case and the plaintiff insisting that the two cases are distinguishable on the facts.
In the Eagle case, supra, the plaintiff was an employee of the H. S. Pogue Company of Cincinnati. In the per curiam opinion this court said:
"The fatal weakness of appellee's case is disclosed in counsels' statement. In a single sentence her counsel have compactly but comprehensively set forth appellee's claim, to wit: `In the case now before the court, Miss Eagle was returning from a call in Bond Hill and was on her way back to Pogue's to take care of accumulated business and she paused en route to take herlunch in order to save time.' (Italics ours.)
"We have carefully examined the record and are unable to find any evidence to sustain the claim that appellee's injuries were received in the course of and arose out of her employment. There is nothing in the record to indicate that the taking of her lunch was any part of her duties. Therefore, when `she paused en route to take her lunch' she departed from her employer's service for a reason personal to herself and not within the scope of her employment."
Similarly in the instant case the trial court held:
"In any event, it was no part of plaintiff's duties to buy cigarettes or drink beer and when he paused to do so he departed from his employer's service for a reason personal to himself and not within the scope of his employment."
However, the trial court was of the view that the deviation or departure had ended at the time the plaintiff *Page 478 
was injured. With this view this court is unable to agree. The plaintiff's duties did not require him to stop or to cross the street or to purchase the cigarettes or to buy the beer. The doing of these things was not a risk or hazard contemplated by or incident to his employment. On the contrary, the deviation or departure delayed and interfered with the mission he was supposed to be performing for his employer.
As has been held repeatedly and consistently by this court, the workmen's compensation law is a salutary measure enacted for the protection of those unfortunate enough to suffer injuries in the course of and arising out of the employment. The law does not permit the payment of compensation to one who, as in this instance, departs from his employment and by reason thereof is injured.
Hence, the judgment must be reversed and final judgment entered for the defendant.
Judgment reversed.
MATTHIAS, HART, TURNER and TAFT, JJ., concur.
ZIMMERMAN and STEWART, JJ., dissent.