STATE, Plaintiff-Appellee, v. LOVELY & BRELL LUMBER COMPANY, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4401. Decided June 7, 1950.

Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty Genl., Columbus, for plaintiff-appellee.
Clinton D. Boyd, Middletown, for defendants-appellants.

**OPINION**

By HORNBECK, J.

This is an appeal from a judgment in favor of the plaintiff against the defendants on an award in favor of Floyd Shouse. The defendants did not carry Workmen's Compensation insurance but it was the claim of the State that they were amenable to the Workmen's Compensation Law because they had three employees regularly employed in their business. The award made to Mr. Shouse was upon his claim that

he had received an injury by having one of his hands amputated while working on a planer in a lumber yard operated by the defendants, and that the injury arose out of and occurred in the course of his employment. The defense asserted that it did not regularly employ three men in its business and that the injury which Mr. Shouse suffered did not occur in the course of his employment.

The cause was submitted to a jury, the award of the Commission was offered, defendants then produced their testimony and the State its testimony. Upon submission of the cause to the jury it returned a verdict for the plaintiff in accord with the award made by the Industrial Commission.

Defendants moved for a judgment notwithstanding the verdict and that being overruled and judgment entered on the verdict, moved for a new trial, which also was overruled. On the appeal to this Court nine errors are assigned.

Except as to assignments Numbers 6 and 8 we are satisfied to say, without discussion, that they are not well made. Seven of them were discussed by Judge Leach in his opinion overruling the motion for judgment veredicto non obstante and with his conclusions and reasons therefor we are in accord. See also **State v. Liff, 86 Oh Ap 396,** Ohio Bar, May 15, 1950.

The sixth assignment of error is that the Court erred in refusing to give special request No. 4 before argument as requested by defendants, and the eighth, is error in overruling the motion of the defendants for a new trial. If No. 6 is well taken, so also is No. 8.

Defendants' special instruction No. 4 is:

The Court charges you that if Floyd Shouse was injured while operating a planing machine, which was no part of his duties and against the express order or orders of his employer, the defendants are not liable and your verdict must be for the defendants."

If this charge embodied a correct statement of the law applicable to a material issue in the cause it was prejudicial error for the trial judge to refuse to give it to the jury. **Chesrown v. Bevier, 101 Oh St 282.**

It is testified by Mr. Lovely, one of the partners, that Mr. Shouse's duties were to keep lumber back, probably meant from the end of the planer opposite the cutting tool, to load, unload and truck lumber. Mr. John Brell, the other partner, said that when Mr. Shouse went to work for the partnership "he was hired for just one thing, trucking and hauling lumber, the planer costs,—too much money is involved to have somebody run it that didn't know how to operate it"; that "he

was never supposed to operate the planer." Miss Brell says that she heard her father shortly before the accident tell Mr. Shouse not to use the planer. The testimony of Mr. Shouse is in direct conflict with that of these witnesses.

It is the claim of the defendants that assuming the testimony of these witnesses for the defense to be true the jury could not find that Mr. Shouse's injury arose out of or occurred in the course of his employment, because the operation of the planer was not one of his duties, that he was hired for a specific purpose which did not require the use of the planer and further that he was expressly instructed that he should not do so.

The plaintiff asserts that the charge is ambiguous in that it might be construed to mean that the Court was saying as a fact, that the operating of the machine was no part of plaintiff's duties.

Appellee cites in support of the refusal to give the charge, **Laudato v. The Hunkin-Conkey Construction Co., 135 Oh St 127, 1st syllabus:**

"An employee who receives an injury while engaged in doing work he is employed to do, during the course of which he violates rules of his employer dealing with the method or manner of performing the work, will, notwithstanding such violation, be deemed to have had been injured in the course of his employment."

The distinction between the cited case and the instant case is that here, upon the testimony of the defense, the employee when injured was not engaged in doing the work that he was employed to do. He did not merely violate a rule respecting the use of the planer but he disregarded the duties which he was engaged to perform.

Judge Day in the Laudato case recognized the right of an employer to limit and define the scope of employment of his workmen, and at pages 130 and 131 makes this observation:

"A distinction must be drawn between rules which define the sphere of employment and those which merely direct the manner in which work within the sphere is to be done. There are prohibitions which limit the sphere of employment, and prohibitions which deal only with conduct within such sphere. A transgression of a prohibition of the latter class leaves the sphere of employment where it was, and consequently will not prevent recovery of compensation. A transgression of the former class carries with it the result that the man has gone outside the sphere.' 1 Honnold on Workmen's Compensation, 390 et seq., Section 113."

Here, if Mr. Shouse was employed only to truck and haul

lumber, and there had been no change in the terms of the employment by permissive use, if he operated the planer he was outside of the sphere of his employment. We do not understand that "sphere of employment" would be so limited as to preclude such a holding. In the Laudato case, at the time of his injury he was engaged in the performance of a service clearly within the scope of his employment, but in so doing may have been violating a rule of his employer. Here, upon the testimony of defendant's witnesses, the employee not only at the time of his injury was violating an express instruction but he also was engaging in an operation which did not arise from or occur in the course of his employment and was not contemplated in the contract of employment.

The latest applicable case in Ohio is **Georgejakakis v. Steel Company, 151 Oh St 458.** The employee, a common laborer, whose principal duty consisted of transporting materials in and about the plant and sweeping floors of his employer, during a temporary absence of an operator of a pressing machine, attempted to operate it. In so doing, the fingers of his left hand got caught in the machine and were severely injured. It is stated that some degree of skill and proficiency is required to operate a pressing machine as is the case with a planer. The court affirmed the judgment on a directed verdict for the defendant. Judge Zimmerman writing the opinion, page 459, says:

"Here, the claimant was a laborer whose duties in and about the industrial plant where he was injured were limited in scope. When he voluntarily, deliberately and without authority or necessity stepped out of the orbit of his employment by attempting to operate the pressing machine—an undertaking altogether foreign to the work he was hired to do—he engaged in a pursuit and exposed himself to a hazard not contemplated by his employment as a laborer. His behavior constituted a material deviation and departure from his assigned tasks."

Although Judge Hart dissented, he emphasized that,

"Here, the claimant assumed without direction or authority the performance of work for which he had not been specifically employed. Neither had he been forbidden to operate the machine."

In this latter particular the instant case is stronger in its facts than the cited case.

Outside of Ohio an interesting case with facts analogous to ours is that of Dietzen Co. v. Industrial Board, et al., 279 Ill. 11, 116 N. E. 684. There are nine propositions in the syllabus.

all of which are applicable to our question, and might well be quoted but to avoid undue length to this opinion we will not do so. The opinion is well written and can profitably be read.

The second syllabus of **Industrial Commission v. Ahern, 119 Oh St 41,** is that,

"Under **Section 35, Article II** of our Constitution, and the law enacted pursuant thereto, the phrase, 'in the course of employment,' connotes an injury sustained in the performance of some required duty done directly or incidentally in the service of the employer."

Unfortunately for the defendants the charge, as framed, is ambiguous. The parenthetical phrase, "which was no part of his duties," etc., if given by the Court, could have been construed as being an unqualified assertion that the operating of the planer was no part of the duties of Mr. Shouse and against the express order or orders of his employer. The charge should have clearly permitted the jury to resolve the disputed facts as an essential to a verdict for the defendants.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.