Per Curiam.

Plaintiff was the manager of an open 'parking lot of a small used-car dealer. This lot was located at Perry and Third streets in Dayton about one-half mile east of the Great Miami river.
Plaintiff lived on Greencastle street near German-town avenue, almost one mile to the west of the Great Miami river and somewhat to the south of the location of the parking lot.
About 3 p. m. on Sunday, November 24, 1946, the plaintiff and his wife left their home in his employer’s automobile on a trip which was admittedly strictly personal to the plaintiff and his wife and in no respect *467 connected with or in the furtherance of his employer’s business.
According to the testimony, the plaintiff had previously been told by his employer to turn on the lights at the parking lot as soon as it got dark. When it became dark about 7 p. m., plaintiff was at Home avenue and McCall street. This was almost one and one-half miles to the west of the plaintiff’s home. The plaintiff proceeded east on McCall street and was struck by a train at a railroad crossing, receiving the injuries for which he sought compensation under the Workmen’s Compensation Act. The railroad crossing, at which the plaintiff received these injuries, was located on McCall street almost one mile to the east of Home avenue, about one-third of a mile to the west of plaintiff’s home, and about one and three-quarter miles from the parking lot.
Plaintiff’s testimony was that he was subject to call at all times; that, because of this, he received calls at his home from his employer as to duties to be performed ; that he was supposed to turn on the lights at the parking lot as soon as it got dark; and that, at the time of the accident, he was not only driving toward the parking lot for the purpose of turning on the lights, but was also planning to stop at his home to see whether there had been any calls for him.
Plaintiff argues that, when he began his return trip, which was to be from Home avenue and McCall street to his home and from there to the lot and for which transportation was furnished by his employer, he entered the course of his employment, especially since the evidence disclosed that he was subject to call at all hours, was on duty 24 hours a day, and was traveling to his home and from there on to the lot for the purpose of turning on the lights at the parking lot as his employer had previously ordered him to do. This disregards the admitted fact that, at 3 p. m., he had left *468 his home and was traveling in a westerly direction, which was away from the parking lot, on a trip which admittedly was not connected in any way with his employer’s business. In our opinion, at least until he reached his home, he would not, under any theory, have gotten back to a place where his operation of the automobile would have been in the course of his employment. When he left home at 3 p. m., he did so on an errand which was strictly personal to himself and his wife and the trip made solely for the purpose of that errand obviously would continue, at least until he reached or passed his home on the way back. This conclusion is fully supported by the recent decision of this court in Ruddy v. Industrial Commission, 153 Ohio St., 475, 92 N. E. (2d), 673. See, also, State v. Russo, 155 Ohio St., 341; Eagle v. Industrial Commission, 146 Ohio St., 1, 63 N. E. (2d), 439; Industrial Commission v. Ahern, 119 Ohio St., 41, 162 N. E., 272, 59 A. L. R., 367: Ashbrook v. Industrial Commission, 136 Ohio St., 115, 24 N. E. (2d), 33. There may have been a direct or proximate causal relationship between plaintiff’s injuries and the trip made by the plaintiff and his wife for their personal purposes, but there certainly could be no such causal relationship between the plaintiff’s employment and those injuries, at least until after his trip for personal purposes had ended. Such a proximate causal relationship is essential to justify the award of workmen’s compensation to the plaintiff. McNees v. Cincinnati Street Ry. Co., 152 Ohio St., 269, 89 N. E. (2d), 138.
None of the decisions of this court, relied upon by plaintiff, would justify a decision in his favor. In DeCamp v. Youngstown Municipal Ry. Co., 110 Ohio St., 376, 144 N. E., 128, the injury occurred at the car stop where the employee left a streetcar, upon which his employer had contracted to carry him to and from work, to go to his employment. On the facts in the *469 instant case, the plaintiff would have been in a comparable situation if injured after getting out of his automobile at the parking lot which he never reached. In Industrial Commission v. Henry, 124 Ohio St., 616, 180 N. E., 194, this court, in the syllabus, stressed the fact that the injury occurred immediately adjacent to the premises of the employer. In the four to three decision in Outland v. Industrial Commission, 136 Ohio St., 488, 26 N. E. (2d), 760, it appeared that the accident causing death occurred while the employee was “making a trip on behalf of his employer to solicit a prospective, customer and’’ when he went “to his * * * home to get garage keys and a prospect book necessary to him in the performance of duties incidental to the trip.” Certainly the decision in that case would not support the claim in the instant case since plaintiff’s injuries occurred even before he had returned to his home from the trip made solely for the purposes of himself and his wife.
The judgment of the Court of Appeals is reversed and that of the Common Pleas Court is affirmed.

Judgment reversed.

Wetgandt, C. J., Zimmerman, Stewart, Middleton, Taet, Matthias and Hart, JJ., concur. .