BAUDER, APPELLEE, *v.* MAYFIELD, ADMR., ET AL., APPELLANTS.

(No. 14-86-10—Decided
February 19, 1988.)

*William G. Carpenter,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Richard C. Slavin,* for appellants.

MILLER, P.J. This is an appeal by the Administrator, Bureau of Workers' Compensation (hereinafter "appellant"), from a summary judgment entered by the Court of Common Pleas of Union County in favor of Jane Bauder (hereinafter "appellee") adjudging that appellee was entitled to participate in the benefits of the Ohio Workers' Compensation Fund.

Appellee filed her claim for benefits after falling and breaking her right hip while employed by Ranco Corporation. Her claim was disallowed at all administrative levels of the Industrial Commission for the reason that her injuries did not arise out of her employment.

Appellee then filed her appeal to the Court of Common Pleas of Union County.

Both parties moved for summary judgment. The trial court overruled appellant's motion but granted appellee's motion and entered summary judgment for the reason that "the plaintiff's [appellee's] injuries and traumatic damage was [*sic*] accidental in character, the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events and so qualifies as an injury within the meaning of the statute." The court further determined that the sustaining of appellee's motion was dispositive of all issues in the matter and that appellee was entitled to judgment as a matter of law.

Appellant asserts one assignment of error:

"The trial court erred in granting plaintiff's motion for summary judgment as plaintiff's injury did not arise out of her employment."

R.C. 4123.01 provides as pertinent:

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

The evidentiary matters before the trial court on the motions for summary judgment were appellee's deposition and stipulations of the parties.

Appellee in her deposition stated that she was on her break, that she left her place of work and was walking over to where her friend worked and was going to the restroom and back to her job, that she fell, but didn't know what caused her to fall. The parties stipulated that as a result of a fall at her place of employment she sustained a fracture of her right hip.

We first observe that no issue is raised in this appeal as to whether appellee's injuries were accidental in character and result, the only issue being as to whether or not appellee's injuries arose out of her employment.

In *Bralley* v. *Daugherty* (1980), 61 Ohio St. 2d 302, 15 O.O. 3d 359, 401 N.E. 2d 448, a *per curiam* opinion, it is stated at 303-304, 15 O.O. 3d at 360, 401 N.E. 2d at 449-450:

"An injury sustained by an employee is compensable under the Workers' Compensation Act only if it was 'received in the course of, and arising out of, the injured employee's employment.' R.C. 4123.01(C); R.C. 4123.54; *Fassig* v. *State, ex rel. Turner* (1917), 95 Ohio St. 232.

"The test of the right to par-

ticipate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment. *Indus. Comm.* v. *Weigandt* (1921), 102 Ohio St. 1; *Indus. Comm.* v. *Gintert* (1934), 128 Ohio St. 129; *Fox* v. *Schiele* (1955), 162 Ohio St. 569.

"As a general rule, where an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable. *Lohnes* v. *Young* (1963), 175 Ohio St. 291; *Simerlink* v. *Young* (1961), 172 Ohio St. 427; *Indus. Comm.* v. *Gintert, supra; Indus. Comm.* v. *Baker* (1933), 127 Ohio St. 345. An employee is no longer subject to strict application of this general rule once he reaches the premises of his employer. Injuries sustained while the employee is within this 'zone of employment' may be compensable under the Act. *Marlow* v. *Goodyear Tire & Rubber Co.* (1967), 10 Ohio St. 2d 18; *Gregory* v. *Indus. Comm.* (1935), 129 Ohio St. 365; *Kasari* v. *Indus. Comm.* (1932), 125 Ohio St. 410; 1 Larson, The Law of Workmen's Compensation 4-3, Section 15.11."

The zone of employment is the place of employment and the area thereabout. *Merz* v. *Indus. Comm.* (1938), 134 Ohio St. 36, 39, 11 O.O. 414, 415, 15 N.E. 2d 632, 633.

The general rule is that injuries occurring to an employee during an intermission or break for rest or refreshment arise in the course of employment and are compensable. 82 American Jurisprudence 2d (1976) 57, Workmen's Compensation, Section 271.

In *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570, the employee was injured while on combined lunch and break period and was found to be entitled to compensation.

As stated in *Sebek* v. *Cleveland Graphite Bronze Co.* (1947), 148 Ohio St. 693, at 698, 36 O.O. 282, at 284, 76 N.E. 2d 892, at 894-895:

"A rule recognized, and often applied by this court, is that an employee to be entitled to compensation need not necessarily be engaged in the actual performance of work for his employer at the time of an injury. It is sufficient if he is engaged in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment. * * *"

The evidentiary matters before the court of common pleas on the motion for summary judgment herein would indicate that appellee was within the zone of her employment and engaged in an undertaking consistent with her employment at the time she was injured.

We conclude that there was no genuine issue of material fact as to whether appellee's injuries arose out of her employment and that the trial court properly granted summary judgment in appellee's favor.

Finding no error of the trial court prejudicial to appellant as assigned and argued, we affirm the trial court's judgment.

*Judgment affirmed.*

COLE and EVANS, JJ., concur.