## French
### v.
### AT&T Technologies, Inc.
[Cite as 7 AOA 411]

*Case No. 89AP-1030*
*Franklin County, (10th)*
*Decided September 11, 1990*

*Jerry L. Riseling, for Bessie French.*

*Charles J. Kurtz, III, Porter, Wright, Morris & Arthur, for AT&T Technologies, Inc.*

*Anthony J. Celebrezze, Jr., Attorney General, Michael L. Squillace and Gerald H. Waterman, for Administrator, Bureau of Workers' Compensation and Industrial Commission of Ohio.*

YOUNG, J.,

This matter is before the court upon the appeals of Bessie French ("French"), the industrial Commission of Ohio ("commission") and Administrator, Bureau of Workers' Compensation ("administrator"), the appellants herein, from the decision of the Franklin County Court of Common Pleas finding that Wilbur C. French did not die in the course of his employment with appellee, AT&T Technologies, Inc. ("AT&T"). Appellant French is the widow of Wilbur C. French, who was employed by Western Electric Company, Inc., the predecessor in interest of appellee. On November 29, 1977, Mr. French flew to Baltimore, Maryland to attend a business meeting scheduled for the following morning. Upon arriving in Baltimore, Mr. French rented a car from Avis Car Rental. At 8:15 pm., Mr. French checked into his hotel room at the Holiday Inn in Towson, Maryland. At 8:25 p.m., he telephoned his wife and told her he was going to get some dinner. Mr. French disappeared that evening.

On July 16, 1984, officers from the Baltimore, Maryland Police Department discovered the car that Mr. French had rented at the bottom of the Loch Raven Reservoir. An inspection of the car indicated that it was in gear, with the keys in the ignition, the ignition was in the "on" position, and the headlight switch was in the "on" position. Mr. French's body was recovered from the car.

Appellant French filed a claim for death benefits with the Bureau of Workers' Compensation. By order dated July 14, 1983, the Columbus Regional Board of Review allowed appellant French's claim. On November 21, 1985, appellee filed a notice of appeal in the court of common pleas pursuant to R.C. 4123.519. James A. Mayfield, Administrator of Bureau of Workers' Compensation, became a party-defendant in this action along with the appellant French. The administrator's interest is to protect the surplus fund from which AT&T would be reimbursed if the benefits already paid are disallowed. See R.C. 4123.519. On March 18, 1987, appellee filed a motion for summary judgment, which was denied. On January 8, 1988, appellee renewed its motion

for summary judgment which was denied by the court pursuant to the decision and entry dated February 29, 1988. The February 29, 1988 decision was overruled by the trial court according to the findings of fact and conclusions of law filed by the trial court on March 8, 1988. The trial court determined that Mr. French was not acting within the scope of his employment when he drove his car into Loch Raven Reservoir. The trial court concluded that Mr. French was intoxicated on the evening of his death, that his intoxication was the proximate cause of his death, and that his intoxication took him outside the scope of his employment.

Appellant French appealed the decision of the Franklin County Court of Common Pleas to this court in *Wilbur C. French, deceased, Bessie French, widow v. AT&T Technologies, Inc.* (Nov. 22, 1988), Franklin App. No. 88AP-414, unreported (1988 Opinions 4060). This court sustained appellant French's assignment of error and concluded that the granting of summary judgment in favor of appellee was premature. This matter was remanded to that court for further proceedings.

The case came on for trial and all parties waived their right to a jury trial and presented their respective cases to the court. By decision filed on July 18, 1989, the trial court found that Wilbur C. French was not in the course of his employment when he met his death. Therefore, the trial court concluded that Mrs. French did not have the right to participate under the Workers' Compensation Act. The administrator, commission, and Bessie French have filed appeals from that decision which have been consolidated before this court.

Appellants, the administrator, and the commission, set forth the following three assignments of error:

"1. The trial court erred to the prejudice of the appellants in failing to recognize and sustain a presumption of the decedent's death being in the course of and arising out of his employment.

"2. The trial court erred to the prejudice of the appellants in finding that this workers' compensation claim is not compensable because the decedent was not proceeding between work-related terminals and the place where he was to spend the night.

"3. The trial court erred to the prejudice of the appellants in finding that the doctrine of *Industrial Commission v. Ahern* (1928), 119

Ohio St. 41 was applicable to the facts of this case."

Appellant French sets forth the following sole assignment of error:

"THE TRIAL COURT ERRED THEN IT FOUND THAT WILBUR C. FRENCH WAS NOT IN THE COURSE OF HIS EMPLOYMENT WITH THE DEFENDANT A T & T TECHNOLOGIES, INC. WHEN HE MET HIS DEATH."

The sole assignment of error raised by appellant French raises the same issue as is raised in the second assignment of error asserted by the commission and the administrator. Accordingly, it will be addressed in this court's discussion of the second assignment of error raised by those appellants.

As a preliminary matter, the administrator and the commission have filed a motion to dismiss, asserting that the Franklin County Court of Common Pleas lacked subject matter jurisdiction over appellee's appeal from the commission's original determination that Mrs. French was entitled to participate under the workers' compensation laws. This issue is also the subject of appellants' third assignment of error, and will be addressed simultaneously.

R.C. 4123.519 is the statute which vests the common pleas courts with subject matter jurisdiction over a workers' compensation claim. The relevant portion of that statute which was in effect at the time of the filing of this case states as follows:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the *county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.* ***" (Emphasis added.)

In the instant case, it is undisputed that Mr. French's death occurred in the state of Maryland. Therefore, Franklin County is not the county in which the injury was inflicted for purposes of jurisdiction based on R.C. 4123.519.

Appellants contend that R.C. 4123.519 did not vest the Franklin County Court of Common Pleas with jurisdiction over the appellee's appeal from the Industrial Commission's decision because Mr. French's contract of employment was not made in the state of Ohio.

Citing from *Jenkins v. Keller, Admr.* (1966), 6 Ohio St. 2d 122, the Ohio Supreme Court held at paragraph three of the syllabus, in part, as follows:

"Where a contract of employment between an employer and his employee is entered into outside Ohio and the employee sustains an injury in the course of and arising out of his employment outside this state, Section 4123.519, Revised Code, is inapplicable, and the Court of Common Pleas is wholly without jurisdiction to entertain an appeal from a decision of the Industrial Commission in such a case."

In response, appellee argues that the record on appeal is devoid of any affirmative evidence to establish that Mr. French did not sign a contract of employment in Franklin County, Ohio. Because this court finds that the record is devoid of any evidence which would indicate that the jurisdictional requirements of R.C. 4123.519 have not been met, it would be improper for this court to make such an assumption.

Accordingly, appellants' motion to dismiss is denied and their third assignment of error is not well-taken and is overruled.

In the first assignment of error, appellants assert that the trial court committed prejudicial error in failing to recognize and adopt the following presumption:

"'When an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, most courts will indulge a presumption or inference that the death arose out of the employment.'"

Professor Arthur Larson in his book, The Law of Workers' Compensation (1989), Section 10.32, explains as follows:

"'The theoretical justification is similar to that for unexplained falls and other neutral harms: The occurrence of the death within the course of employment at least indicates that the employment brought deceased within range of the harm, and the cause of harm, being unknown, is neutral and not personal. The practical justification lies in the realization that, when the death itself has removed the only possible witness who could prove causal connection, fairness to the dependents suggests some softening of the rule requiring claimant to provide affirmative proof of each requisite element of compensability.'"

Appellants do not dispute the fact that the burden is upon a claimant to establish that the injury occurred in the course of and arose out of the employment and that the injury was the proximate cause of the death. See *Lord v. Daugherty* (1981), 66 Ohio St. 2d 441. Appellants do contend, however, the record contains certain undisputed facts which support this presumption and that the appellee did not present facts which would overcome this presumption.

It is undisputed by appellee that Mr. French was in the Baltimore area on business and that he was there to attend a conference the following morning. It is also undisputed that Mr. French telephoned his wife at approximately 8:25 p.m., on November 29, 1977, and informed her that he was going to eat dinner.

Appellants presented the testimony of Mr. Baltz who had worked for AT&T for a number of years and who had attended other conferences in the Baltimore area with Mr. French. Mr. Baltz testified, that on previous trips to Baltimore, he and Mr. French had eaten at Pierce's Plantation, a restaurant located on Loch Raven Drive along the reservoir. However, there is no evidence that Mr. French actually went to dinner at Pierce's Plantation that night.

Appellees presented the testimony of Mr. Breschi and Mr. Mudd, two men who stated that they observed a person who they believed to be Mr. French sometime between 9:00 p.m. and midnight on November 29, 1977 at Charlie Chiapparelli's Restaurant. According to their testimony, Mr. French was intoxicated and was asked to leave by the manager.

Appellees place great emphasis on the fact that the trial court specifically found that Mr. French was intoxicated on the night that, he met his death. However, although the trial court did make this finding, that finding is not in and of itself crucial to this appeal. It must be noted that both Pierce's Plantation and Charlie Chiap-parelli's Restaurant were located along Loch Raven Drive. According to the evidence, regardless of which establishment Mr. French actually visited that evening, he would have returned to his hotel room via the same route, passing the very spot where his car entered Loch Raven Reservoir. It is impossible for anyone to know exactly what transpired on the night of November 29, 1977.

Regardless of the presumption expressed by Professor Larson, there is absolutely no evidence in the record to indicate that Mr. French

was on his way to dinner that night. The burden of proof is upon the claimant to establish that the employee was within the scope of employment. The burden is *not* upon the employer to demonstrate that the employee was outside the scope of his employment. Appellants are unable to present sufficient evidence to show that Mr. French was within the scope of his employment. Accordingly, there are no circumstances which indicate that the death of Mr. French took place within the time and space limits of his employment. Therefore, the trial court did not err in determining that Mr. French did not die within the course of his employment because appellants were unable to establish this fact. The evidence presented by appellee that Mr. French was in a bar that night and was intoxicated is completely irrelevant to the present appeal. Appellants failed to establish that Mr. French was acting within the course of his employment when he died.

Accordingly, appellants' first assignment of error is not well-taken and is overruled.

In the second assignment of error asserted by the commission and the administrator, which raises the same issue asserted by French's sole assignment of error, appellants argue that the trial court's decision was against the manifest weight of the evidence: Based on our holding in the first assignment of error, these two assignments of error are likewise not well-taken and are overruled.

Based on the foregoing, appellant administrator's and commission's motion to dismiss is denied. All four of appellants' assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY, P.J., and RADCLIFFE, J., concur.

RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.