**SMITH, Appellant,**

v.

**APEX DIVISION, COOPER INDUSTRIES, INC., et al., Appellees.**

[Cite as *Smith v. Apex Div., Cooper Indus., Inc.* (1993), 88 App.3d 247.]

Court of Appeals of Ohio,
Montgomery County.

No. 13897.

Decided June 14, 1993.

*James A. Whitaker,* for appellant.

*Michael J. Hickey,* for appellees.

FREDERICK N. YOUNG, Judge.

Carrie L. Smith appeals from an order denying her worker's compensation claim in a grant of summary judgment to the appellees, Apex Division, Cooper Industries, Inc. ("Apex").

## I

Carrie Smith (appellant) was at all times relevant to this case employed as a machine operator at Apex (appellee). On January 30, 1991, she was assigned to a drafty work station, one near the warehouse dock, and was feeling cold. She left her station to take a restroom break. She wanted to sit by the register in the restroom to warm up, but the chairs were occupied by other employees. The only other "seat" available was a small, lidded trash can by the register, and she decided to sit on that. She bent to sit and was on the very point of sitting, when she fell to the floor, landing on her lower spine and striking her head against the wall. She lay on the floor in pain for a time, until her foreman and the plant nurse took her to MedWork. She was briefly examined there before being taken to Miami Valley Hospital. Subsequent examinations revealed that she had suffered a contusion and lumbosacral sprain.

She filed a workers' compensation claim for these injuries, and this claim was denied at all levels of the administrative process. She brought an appeal to the Montgomery Court of Common Pleas pursuant to R.C. 4123.519. The appellee

made a motion for summary judgment, which was granted. From that grant of summary judgment appellant makes this appeal. She assigns a single error, as follows:

"The trial court erred by granting employer's motion for summary judgment by finding that, Carrie L. Smith's injury did not occur in the course of and arising out of her employment as a matter of law."

## II

Summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273; Civ.R. 56(C).

Workers' compensation is available to an employee who is accidentally injured if her injury was "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Workers' compensation law does away with the necessity of finding fault on the part of the employer; it is only necessary to show a causal connection between the employment and the injury. *Waller v. Mayfield* (1988), 37 Ohio St.3d 118, 122, 524 N.E.2d 458, 461.

■ The appellant had her employer's permission to make use of the restroom during her work shift and was being paid when she did so. Restroom breaks were necessary and incidental to her employment, and the restroom itself was on her employer's premises and under her employer's control. See *Lemming v. Univ. of Cincinnati* (1987), 41 Ohio App.3d 194, 195, 534 N.E.2d 1226, 1227; *Bauder v. Mayfield* (1988), 44 Ohio App.3d 91, 93, 541 N.E.2d 98, 99. To this extent at least, the appellant's injuries were received in the course of, and arose out of, her employment.

The matter at issue in this appeal is whether the appellant's fall was causally connected to her employment, or whether it had some idiopathic origin—a sickness or weakness peculiar to the appellant[1] and not itself caused by her employment. *Waller, supra,* 37 Ohio St.3d at 121, 524 N.E.2d at 461, fn. 3. The appellant argues that she fell as she was attempting to sit on a small, lidded trash can in the women's restroom, and that her fall was an accident. She testified in her deposition that she did not feel sick, dizzy, or faint just before she fell, but

---

1. A "personal weakness" must be more than mere clumsiness or carelessness to qualify as an "idiopathic cause." See *Waller, supra,* 37 Ohio St.3d at 124, 524 N.E.2d at 463, fn. 5; and *Griffin v. Hydra–Matic Div., Gen. Motors Corp.* (1988), 39 Ohio St.3d 79, 82, 529 N.E.2d 436, 439, "contributory negligence of the employee is likewise irrelevant."

that apart from being cold, she felt just fine. The appellee argues that because the appellant cannot account for precisely how she came to be on the floor once she had bent to sit on the trash can, hers was an "unexplained fall."

*Waller, supra,* is the Supreme Court's latest word on the subject of unexplained falls, and the appellee contends that it requires a claimant who has inexplicably fallen to eliminate any idiopathic causes for her fall. Appellee contends that the appellant has not successfully produced evidence on this point in her memo contra, and therefore summary judgment in the appellee's favor was appropriate.

In *Waller,* a worker had fallen down stairs while returning from a restroom break to his work station, and could offer no explanation for his fall. The court held that he would be entitled to participate in the worker's compensation fund if he could show that his injury occurred in the course of his employment, and though he could not directly establish a cause in fact, he had eliminated idiopathic causes. *Waller, supra,* 37 Ohio St.3d at 125, 524 N.E.2d at 464. It was not necessary for the claimant to prove that there was no oil, ice, or water on the stairs (*id.* at 122, 524 N.E.2d at 461), but only that his accident was not caused by some personal physical weakness or illness.

■ In her memorandum contra appellee's motion for summary judgment, the appellant referred to her deposition testimony that she felt fine just before she fell. She offered no evidence from medical experts to support her testimony. It is appellant's position that her own testimony was sufficient to meet any burden of eliminating idiopathic causes. We agree. *Waller* does not specifically require expert medical testimony. Expert medical testimony may be appropriate in cases where an idiopathic cause is at issue, but we hold that the claimant's own sworn statement of good health may be sufficient to eliminate idiopathic causes under the facts in this record, and will certainly save the cause from being summarily dismissed. See *Porter v. Tamarkin Co.* (June 26, 1992), Trumbull App. No. 91–T–4540, unreported, at 8, 1992 WL 276622 "( [claimant was testifying] as a lay person with firsthand knowledge of the subject of the testimony. * * * This type of testimony does not require that one qualify as an expert").

The claimant herself will, in most cases, be in the very best position to testify to her medical condition immediately before an accident. Requiring a claimant to produce medical evidence that she felt fine just before her accident may be tantamount to requiring a complaining restaurant patron to produce a master chef to testify precisely how the patron's dinner must have tasted to him for him not to like it. The expert is simply in an inferior position to shed light on the issue of how the complaining party felt at the time of the meal, or of the accident.

We differ with the Court of Appeals for Marion County in *Jones v. Mayfield* (Feb. 27, 1990), Marion App. No. 9–88–33, unreported, 1990 WL 20063, to the

extent that it holds that a claimant who has suffered an unexplained mishap must eliminate idiopathic causes for her injury with expert medical testimony and no other. That is often a good and reliable sort of testimony, but it is not always the best sort, and is not the only reliable testimony that can be offered.

Moreover, we believe that the *Jones* court's invocation of *Waller* was inappropriate. The claimant in *Jones* felt sharp pain in her back while bending over to pick up a tray of baked goods. The accident she suffered occurred in the simple act of bending down, before she had actually begun to lift the tray. These facts do not invoke *Waller*. A claimant under the *Waller* test is required to eliminate idiopathic causes for her accident, not for the resultant injury. Thus, the proper threshold enquiry in *Jones* was not whether an idiopathic condition caused the claimant's back to hurt, but whether an idiopathic condition caused her to bend. See *Waller, supra,* 37 Ohio St.3d at 125, 524 N.E.2d at 464. If the claimant's injury in *Jones* was noncompensable, it was so for reasons other than those relied on by that court.

Even assuming that the *Jones* court's application of *Waller* was correct, the facts of *Jones* are distinguishable from those in this case. The *Jones* court held that the claimant had failed to establish a sufficient causal connection between her injury and her employment, because she had failed to eliminate idiopathic causes for her injury. The claimant's own chiropractor testified for the employer that she suffered from a number of lower back maladies, which might have caused her injury had she bent down in any setting. The claimant countered this attack with no evidence, either by her own testimony, or that of a medical expert, to prove she had no such idiopathic condition.

In the case before us, the appellant testified she felt cold, but otherwise well, prior to her fall. She has already presented more evidence to eliminate idiopathic causes than her counterpart in *Jones*. The appellees in this case have so far challenged her testimony with no evidence at all. Dr. Imbrogno's affidavit says only that *if* the appellant felt dizzy or ill before she fell, that dizziness or illness was not, he opined, caused by her employment. It has always been the appellant's position that she was not feeling dizzy or ill before she fell, and so Dr. Imbrogno's statement on the subject is irrelevant. The trial court seemed to be under a misapprehension that Dr. Imbrogno's affidavit said "the fall was not caused by her work or the environment thereof." The appellee may have evidence with which to challenge the appellant's testimony, but that is not part of the record in this case.

Incidentally, we are not persuaded that the appellant's fall was altogether "unexplained" within the meaning of *Waller*. *Waller* makes a distinction between unexplained falls that are traceable to some neutral origin and unexplained falls that are not directly traceable to a neutral origin, and which consequently require a claimant to eliminate idiopathic causes. "[W]here it may be shown that the

unexplained fall results from a neutral origin, and recognizing the mandate that workers' compensation statutes be liberally construed in favor of the injured employee [see R.C. 4123.95], this court adopts the view that an *inference* will arise finding the fall to be traceable to some ordinary risk, *albeit unidentified,* to which the employee was exposed on the employment premises." (Emphasis added.) *Waller, supra,* 37 Ohio St.3d at 124, 524 N.E.2d at 463.

■ An "unexplained fall" in which there is no direct evidence tracing the cause to some neutral origin requires the claimant to eliminate the possibility of an idiopathic origin for the fall. *Id.* at 125, 524 N.E.2d at 464. When there is no direct proof that the fall had a neutral origin, it would be equally reasonable to infer that the claimant fell because he was ill as it would be to infer that he fell because he was clumsy or that he slipped on a patch of oil. In such a case, idiopathic causes must be eliminated to establish that the accident was causally related to employment.

■ In this case, we have the appellant's direct evidence that she fell as she attempted to sit on a lidded trash can in her employer's restroom. Her failure to find a secure seat there can be most reasonably traced to a neutral cause—a slippery floor, an unstable can, or mere carelessness in sitting down. The facts in this case are distinguishable from those in *Waller:* the appellant did not inexplicably fall while crossing the restroom floor. She has testified that she fell in a failed attempt to sit on a trash can. Her fall is, consequently, not "unexplained," though her employer has disputed her explanation. We are not convinced from the facts in the record that *Waller* is applicable to this case. See *Griffin, supra,* 39 Ohio St.3d at 82, 529 N.E.2d at 439, (Locher, J., concurring). Under these facts, the appellant's explanation of the cause, if unchallenged, would be sufficient to entitle her to participate in the Workers' Compensation Fund, as it is legally sufficient to establish the necessary causal connection between her mishap and her employment.

In any event, construing the facts most strongly in favor of the nonmoving party, in this case, the appellant, it is clear that reasonable minds could conclude that the appellant fell not because she was ill, and would have fallen under any circumstances, but because she or the can slipped. Summary judgment under these circumstances was improper.

We reverse the grant of summary judgment to the appellee and remand for a trial to determine whether the appellant's employment was causally related to her accident and injury.

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., and BROGAN, J., concur.