CARRICK, Appellant,

v.

RISER FOODS, INC. et al., Appellees.

[Cite as *Carrick v. Riser Foods, Inc.* (1996), 115 Ohio App.3d 573.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70510.

Decided Oct. 21, 1996.

574

*Mitchell A. Stern*, for appellant.

*Rademaker, Matty, McClelland & Greve, Lynn R. Grabiak* and *Robert C. McClelland*, for appellees.

*Per Curiam.*

Plaintiff-appellant John Carrick was injured on the premises of his employer, defendant-appellant Riser Foods, Inc. ("Riser"), on November 17, 1990. Although the Industrial Commission of Ohio, through a district hearing officer, initially allowed appellant's application for benefits, the Cleveland Regional Board of Review vacated the order. Appellant was thus denied the right to participate in the Workers' Compensation Fund. The commission thereafter denied appellant's appeal and affirmed the ruling of the board of review.

Appellant filed an administrative appeal on March 20, 1995 in the Court of Common Pleas of Cuyahoga County pursuant to R.C. 4123.512. The trial court ultimately granted Riser's motion for summary judgment on March 16, 1996.

In this accelerated appeal, appellant submits that genuine issues of material fact remain for litigation regarding his entitlement to participate in the fund. Specifically, he frames the issue before this court as follows: "Whether an employee, who is injured during and [*sic* ] employer-sanctioned break, when he tipped over a soft drink machine that fell on his leg, sustained his injury in the course of, and arising out of his employment."

Appellant arrived at Riser's Edgecliff retail store on November 17, 1990 at approximately 10:30 p.m. He decided to take a break from his duties as a stocker at about 3:00 a.m. Appellant deposited fifty cents into one of three soda machines located in the employee lunchroom. Appellant rocked the machine back and forth in an effort to dislodge the soda when the soda did not emerge from the machine. The machine tipped over, thereby causing appellant to sustain a fractured femur.

Appellant stated in deposition testimony that Riser was fully aware of the machine's malfunctioning. Both he and other Riser employees had rocked the machine on multiple prior occasions despite a warning label that advised that "tipping or rocking may cause serious injury or death." Riser, apparently aware of the machine's problems, provided a procedure whereby employees could receive refunds for their lost money. However, appellant did not follow this procedure because the appropriate office was not open at the time of the incident. Based upon these facts, Riser, citing *Georgejakakis v. Wheeling Steel Corp.* (1949), 151 Ohio St. 458, 39 O.O. 276, 86 N.E.2d 594, argued in its motion for summary judgment that appellant was not entitled to workers' compensation benefits because at the time he sustained his injury, he deviated from his course of employment by rocking the soda machine.

Appellant's injury, to be compensable, must have occurred "in the course of, and arising out of" his employment. R.C. 4123.01(C); *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 276, 551 N.E.2d 1271, 1273, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448. The Supreme Court of Ohio, in *Fisher*, recognized the conjunctive nature of the coverage formula. *Id.* at 277, 551 N.E.2d at 1273–1274. However, the court, in addition to noting that workers' compensation statutes are to be liberally construed, clarified that all elements of the formula must be met prior to the awarding of benefits. *Id.* at 277–278, 551 N.E.2d at 1273–1275. See *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661.

 The phrase "in course of" relates to the time, place and circumstances of the injury. *Id.* See *Fletcher v. Northwest Mechanical Contr., Inc.* (1991), 75 Ohio App.3d 466, 599 N.E.2d 822. Generally, an employee is considered in the course of his employment while performing an obligation of his contract of employment. *Id.* at 471, 599 N.E.2d at 825, citing *Indus. Comm. v. Davison* (1928), 118 Ohio St. 180, 160 N.E. 693. See *Williams v. Martin Marietta Energy Sys., Inc.* (1994), 99 Ohio App.3d 520, 651 N.E.2d 55; Fulton, Ohio Workers' Compensation Law (1991) 148, Section 7.6. However, the employee need not be injured in the actual performance of his duties since he is in the course of his employment "when he 'does such things as are usually and reasonably incidental to the work of the employer.'" *Lemming v. Univ. of Cincinnati* (1987), 41 Ohio App.3d 194, 534 N.E.2d 1226, quoting *Taylor v. Indus. Comm.* (1920), 13 Ohio App. 262, 270. See *Sebek v. Cleveland Graphite Bronze Co.* (1947), 148 Ohio St. 693, 36 O.O. 282, 76 N.E.2d 892; *Hampton v. Trimble* (1995), 101 Ohio App.3d 282, 655 N.E.2d 432. Therefore, when the employee is injured while, *e.g.*, taking refreshments during a break, he may be entitled to benefits. *Id.* See *Martin Marietta Energy Sys., Inc.; Pilar v. Bur. of Workers' Comp.* (1992), 82 Ohio App.3d 819, 613 N.E.2d 684; *Dolby v. Gen. Motors Corp.* (1989), 62 Ohio App.3d

68, 574 N.E.2d 570; *Bauder v. Mayfield* (1988), 44 Ohio App.3d 91, 541 N.E.2d 98; *Primiano v. Ohio Bell Tel. Co.* (Apr. 24, 1986), Cuyahoga App. No. 50495, unreported, 1986 WL 4962.

■ These general guidelines must nonetheless be tempered by the purpose of the Workers' Compensation Act. The Act is not meant to impose a duty on an employer as an absolute insurer of the employee's safety. Rather, the Act is intended to protect employees against the risks and hazards incident to the performance of their duties. *See Phelps v. Positive Action Tool Co.* (1986), 26 Ohio St.3d 142, 497 N.E.2d 969; *Tamarkin Co. v. Wheeler* (1992), 81 Ohio App.3d 232, 610 N.E.2d 1042. See, also, *Beharry v. Cleveland Clinic Found.* (Nov. 22, 1995), Cuyahoga App. No. 68050, unreported, 1995 WL 693103 (this court intimating that a stricter test is possibly forthcoming since the Supreme Court of Ohio, in *MTD Products,* seemingly retreated from the "incidental test," and instead focused on "service").

■■ As a logical result of the principle that an employer is not an absolute insurer of its employees' safety, injuries that result from an employee's misconduct or deviant behavior are not compensable, as the conduct falls outside the scope of employment. *Kohn v. Trimble* (Nov. 17, 1995), Trumbull App. No. 95–T–5210, unreported, 1995 WL 803583, citing Fulton, at 155, Section 7.12. See *Ruddy v. Indus. Comm.* (1950), 153 Ohio St. 475, 41 O.O. 486, 92 N.E.2d 673. Cf. *Georgejakakis* and *State v. Lovely* (1950), 91 Ohio App. 315, 48 O.O. 401, 104 N.E.2d 585 (discussing applicable law regarding right to participate in the fund when employees engaged themselves in industrial work for which they were not specifically hired). Employees are not, therefore, entitled to compensation where injuries are sustained during horseplay, and quarrels or fights that are instigated by the injured employee. See *Caygill v. Jablonski* (1992), 78 Ohio App.3d 807, 605 N.E.2d 1352; *Brown v. Indus. Comm.* (1948), 86 Ohio App. 256, 82 N.E.2d 878; *Kohn.*

■■ The burden is on the claimant to establish that the injury occurred in the course of his employment. *French v. AT & T Technologies, Inc.* (1991), 69 Ohio App.3d 342, 347, 590 N.E.2d 821, 823–824. See *Stevens v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E.2d 198. The mere fact that an injury occurred during employment is not sufficient to establish entitlement to benefits. See *Eggers v. Indus. Comm.* (1952), 157 Ohio St. 70, 47 O.O. 71, 104 N.E.2d 681.

■ In applying the foregoing law regarding the element "in the course of" to the facts before this court, we analogize appellant's act of rocking the soda machine to horseplay. The hazard created by appellant's tipping the soda machine was not a hazard incident to the performance of his duties as a stocker.

Appellant thus failed to produce any evidence to demonstrate any association between his employment and the circumstances of the injury as is required by the "in the course of employment" portion of the coverage formula. Compare *Baughman v. Eaton Corp.* (1980), 62 Ohio St.2d 62, 16 O.O.3d 45, 402 N.E.2d 1201 (no causal connection exists between gunshot injury and employment when employee brought gun to work and became subject to a danger of his own creation); *Sebek* (where employee sustains physical injury by doing nothing more than eating allegedly contaminated meal that was provided as part of compensation, injury was incidentally and directly connected to employment); *Trotter v. Bur. of Workers' Comp.* (Apr. 2, 1992), Cuyahoga App. Nos. 60325 and 60388, unreported, 1992 WL 67093 (employee does not deviate from course of employment when injured during innocent act of trying to remove ice from shoes). The fact that Riser may have been negligent in failing to repair the soda machine is irrelevant to the determination of whether appellant is entitled to participate in the fund. See *Waller v. Mayfield* (1988), 37 Ohio St.3d 118, 524 N.E.2d 458; *Bralley; Indus. Comm. v. Weigandt* (1921), 102 Ohio St. 1, 130 N.E. 38; *Smith v. Apex Div., Cooper Indus., Inc.* (1993), 88 Ohio App.3d 247, 623 N.E.2d 700.

In conclusion, the undisputed evidence failed to establish the essential elements of claim for participation in the fund. The trial court thus properly granted Riser's motion for summary judgment. See Civ.R. 56(C); *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, modifying *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095; *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

Appellant's assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., HARPER and TIMOTHY MCMONAGLE, JJ., concur.