OPINION
Ruth T. Jobe appeals from a summary judgment entered in favor of defendants, Administrator of the Bureau of Workers' Compensation and DeClark's Card Gift Shops, Inc., on her claim for Workers' Compensation benefits.
DeClark's is a card and gift shop located in Towne and Country Mall, where Jobe was employed as a cashier. On May 19, 1999, Jobe left DeClark's in order to take her paid lunch break at a nearby restaurant. As Jobe walked toward a mall exit, she slipped on a damp spot on the mall floor in front of the store immediately next to DeClark's. As a result of this fall, Jobe suffered a broken patella in her left knee.
Jobe filed a claim with the Ohio Bureau of Workers' Compensation. The Industrial Commission ultimately denied the claim. Pursuant to R.C.4123.519, Jobe appealed the Industrial Commission's decision to the Montgomery County Court of Common Pleas, where both parties filed motions for summary judgment. The trial court entered summary judgment for the Bureau of Workers' Compensation and DeClark's, and denied Jobe's motion, finding that no genuine issue of material fact existed regarding whether Jobe's injury entitled her to Workers' Compensation benefits.
Jobe filed timely notice of appeal. She presents one assignment of error.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY OVERRULING HER MOTION FOR SUMMARY JUDGMENT AND SUSTAINING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT DISALLOWING PLAINTIFF-APPELLANT'S WORKERS' COMPENSATION CLAIM WHERE PLAINTIFF-APPELLANT WAS INJURED IN THE COURSE OF AND ARISING OUT OF HER EMPLOYMENT, WHILE ON PAID LUNCH BREAK IN THE ZONE OF EMPLOYMENT.
In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326.
"Because a trial court's determination of summary judgment concerns a question of law, we apply the same standard as the trial court in our review of its disposition of the motion; in other words, our review is de novo." Am. States Ins. Co. v. Guillermin (1996), 108 Ohio App.3d 547,552.
The purpose of Ohio's workers' compensation system is to provide "* * * compensation to [workers] and their dependents, for death, injuries, or occupational diseases, occasioned in the course of such [workers'] employment * * * [.]" Section 35, Article II, Constitution. See, also, Ruddy v. Indus. Comm. (1950), 153 Ohio St. 475, paragraph one of the syllabus. The system does not make employers the absolute insurers of their employees' safety. Phelps v. Positive Action Tool Co. (1986),26 Ohio St.3d 142. Rather, the system is meant to protect employees against the potentially devastating consequences of work-related injuries. Id. at 142. To this end, workers' compensation legislation is to be "liberally construed in favor of employees and the dependents of deceased employees." R.C. 4123.95.
The Ohio Revised Code defines a workplace "injury" as any injury "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Therefore, inherent to the question of whether an employee is permitted to participate in the state's Workers' Compensation Fund is "the causal connection between the injury and the activities, conditions, and environment of employment." MTD Prods., Inc. v. Robatin (1991), 61 Ohio St.3d 66, 68.
The general rule is that injuries occurring to an employee during an intermission or break for rest or refreshment arise in the course of employment and are compensable. Bauder v. Mayfield (1988),44 Ohio App.3d 91 (citing 82 American Jurisprudence 2d (1976) 57, Workmen's Compensation, Section 271). This rule is sometimes called the "personal comfort" doctrine. See Fulton, Ohio Workers' Compensation Law (2 Ed. 1998) 190-91, Section 7.10.
On the other hand, the more particular "coming and going" rule provides that an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Worker's Compensation Fund because the requisite causal connection between the injury and the employment does not exist. MTD Products, supra (citing Bralley v. Daugherty (1980), 61 Ohio St.2d 302). The rationale supporting the "coming and going" rule is that "[t]he constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employe[e] in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally." Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117 (quoting Indus. Comm. v. Baker (1933), 127 Ohio St. 345, paragraph four of the syllabus).
It is a well settled rule of construction that a specific provision of law supersedes a more general provision when the two are in conflict. Thus, and notwithstanding the possibility that Ms. Jobe's departure for lunch might fall within the "personal comfort" doctrine to permit workers' compensation coverage, it is at least as clear that the "coming and going" rule applies to the same facts. That rule has a strict application, absent a demonstration by the claimant that some exception applies.
Ohio has recognized three exceptions to the strict coming and going rule: the "zone of employment" exception; the "special hazard" exception; and, the "totality of the circumstances" exception. MTD Products, supra. These exceptions may apply to injuries sustained during an off-premises lunch break. Fulton, supra, at 191.
First, Jobe claims that her injury is compensable because it occurred within the "zone of employment." Bralley, supra. We disagree.
 The zone of employment is "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer." Marlowe v. Goodyear Tire 
Rubber Co. (1967), 10 Ohio St.2d 18 (quoting Merz v. Industrial Commission (1938), 134 Ohio St. 36, 39); see also MTD Products, supra. A finding that the employer exercised control over the area in which the incident occurred is a significant factor in establishing whether the employee was within the "zone of employment." MTD Products, supra; Littlefield v. Pillsbury Co. (1983), 6 Ohio St.3d 389; Marlowe, supra.
Black's Law Dictionary defines "control" as "[t]he direct or indirect power to direct the management and policies of a person or entity . . ." Black's Law Dictionary (7Ed. 1999) 330. "Control" connotes not only an opportunity to correct the defect but also the responsibility to do so. Assuming that responsibility waives notice of the defect that civil liability requires, but the requirements for workers' compensation coverage does not.
At oral argument, counsel for Jobe cited Blair v. Daughterty (1978),60 Ohio App.2d 165, a decision of this court, for the proposition that an employer need not exercise direct control over an area in order for an employee to be within the "zone of employment" exception. However, the facts before us are clearly distinguishable from Blair, and we believe that the MTD Products case overrules Blair to the extent that it found a "zone of employment" exception.
Blair involved a claim by an employee who, after parking his car in a company owned and controlled parking lot, proceeded to cross a public street that ran between the parking lot and the factory where he was employed. The employee was shot in the leg by an unknown assailant while he crossed the street, and filed a claim with the Bureau of Workers' Compensation. This court affirmed a summary judgment for the employee.
We believe that Blair, although classified as a "zone of employment" exception to the coming and going rule in that decision, is more appropriately classified as falling under the "special hazard" exception to the rule. See Baughman v. Eaton Corp. (1980), 60 Ohio St.2d 62
(holding that an employee who sustained an injury while crossing a public street between the company parking lot and the plant was injured in the course of employment under the "special hazard" exception). Even so, as we discuss below, we believe that Jobe's claim fails under the "special hazard" test adopted by the Ohio Supreme Court in Littlefield v. Pillsbury Co. (1983), 6 Ohio St.3d 389, and MTD Products, supra. Therefore, reliance on the dated Blair case is unavailing.
Jobe cites Primiano v. Ohio Bell Telephone (April 24, 1986), Cuyahoga App. No. 50495, unreported, for the proposition that a shared plaza could be considered within the "zone of employment." However, in Primiano the court remanded the case to the trial court to determine whether the employer exercised control over the plaza. In the matter before us, there is no evidence that DeClark's had any authority or control over the mall walkway where the accident occurred. Therefore, the Primiano case is unavailing. Accordingly, we cannot find that Jobe's claim falls within the "zone of employment" exception.
Jobe also contended at oral argument that her employer's capacity to obtain control over the walkway through negotiations with the landlord, or to require the landlord to maintain it in safe condition, somehow demonstrates the "control" which the zone of employment exception requires. We disagree. Control presumes an actual power, not the potential of obtaining it. Indeed, and as counsel for Jobe asserted, that view would impose a workers' compensation coverage obligation on every tenant of the shopping mall for any of their employees who are injured anywhere on the mall premises. Such an extension is inconsistent with the nature of insurance coverage on which the workers' compensation system is founded, which requires a nexus between the injury and employment. We must, therefore, reject it.
For reasons stated above, we cannot find that "zone of employment" exception to the coming and going bar applies to the facts of Jobe's unfortunate accident.
Second, in Littlefield v. Pillsbury Co. (1983), 6 Ohio St.3d 389, the Supreme Court of Ohio recognized a "special hazard or risk" exception to the coming and going rule. Where employment creates a "special hazard," an employee is entitled to workers' compensation benefits if he sustains injuries because of that hazard. MTD Products, supra. While the Supreme Court of Ohio overruled Littlefield in the MTD Products case, the MTD Products court adopted the Littlefield test for "special hazard" determination: (1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public. MTD Products, supra.
While Jobe is able to meet the first prong of the "special hazard" test for summary judgment purposes, her claim fails under the second prong. The risk to Jobe from which her injury resulted was no greater than the risk to the general public. It is plain that a person shopping at the mall had as much risk of slipping on the wet floor as did Jobe. Therefore, we cannot find that Jobe's injury was the result of a special hazard inherent to her employment at DeClark's.
Finally, Jobe contends that there is a causal connection between her injury and her employment at DeClark's based on the totality of the circumstances surrounding the incident. The MTD Products court determined that the following factors are relevant under this test: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." MTD Products, supra, at 70 (citing Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277; Lord v. Daugherty (1981), 66 Ohio St.2d 441, at syllabus); see also Liddic v. Trimble (May 21, 1999), Montgomery App. No. 17552, unreported. The totality of the circumstances factors are often referred to as the "Lord factors." See Liddic, supra; Lord, supra.
We find that Jobe's claim cannot succeed under the "totality of the circumstances" test, either. Jobe could arguably succeed on the first prong of the test, the proximity of the scene of the accident to the place of employment, because the accident occurred not far from the entrance to DeClark's. However, as noted above, there is no dispute that DeClark's exercised no control over the mall walkway where the accident occurred, the second factor. Also, we cannot see any particular benefit that DeClark's could have gained by Jobe's presence on the mall walkway at the time of the incident, which is the third factor. Therefore, the "totality" exception fails as well.
To summarize, after careful consideration of the record before us and the parties' arguments, and construing the facts most favorably to Jobe, we conclude that as a matter of law her injury did not occur "in the course of, and [arise] out of" her employment with DeClark's. The injury occurred outside of the zone of employment, the conditions that caused the accident were not special hazards created by the employer, and DeClark's exercised no control over the mall walkway nor did it derive any benefit from Jobe's presence there at the time of the incident. Therefore, the assignment of error is overruled.
 Conclusion
Having denied the sole assignment of error presented, we will affirm the judgment from which this appeal was taken.
BROGAN, J. and YOUNG, J., concur.