Day, J.
 

 The paramount question in this case is whether or not the plaintiff sustained his injury in the course of his employment. The record discloses that he was employed by the city of Cleveland as a street cleaner, and that he was engaged in such work when the injury in question occurred.
 

 There was no oral testimony taken, and the facts as averred in the petition are those upon which the decision of the legal proposition involved must be reached.
 

 
 *510
 
 There is no allegation in the petition that the plaintiff attempted to argue, importune, coerce, or wrangle with the man Bell, who made the assault upon plaintiff; the averments in the petition simply-being that “plaintiff told said Bell that he was violating said ordinance.
 
 *
 
 * # Thereupon plaintiff continued his said work of cleaning said street, and said Bell approached bim from behind and assaulted,” etc.
 

 Now, the ordinance referred to by the plaintiff when he told Bell of the violation was Section 705 of the City Ordinances of Cleveland, as compiled in 1021, which provided as follows:
 

 “No person shall throw or deposit or permit to be thrown or deposited, any dirt, paper, filth, sweeepings of any storehouse, shop or office, or any ashes, shavings, filthy water, offal, straw, wood, stones, earth, manure, refuse matter or rubbish of any kind whatever into any street, lane, alley or public ground or place used as street, lane, alley or public ground. (R. O. Sec. 1663.)”
 

 The plaintiff in error was employed by his master, the city of Cleveland, to clean its streets and to keep them free from dirt, paper, filth, etc. To that end he was actually and physically engaged at the time of the assault upon him, and in furtherance of that duty it was not without the scope of his employment to call to the attention of persons who were depositing or throwing in the street “dirt, paper, filth, sweepings of any storehouse,” etc., that they were violating his master’s orders, as expressed in the city ordinance. As a cleaner of streets, and one employed for that purpose, all acts reasonably done by him looking
 
 *511
 
 toward the fufillment of the employment in which he was engaged were properly within the scope thereof, in so far as the Workmen’s Compensation Law is concerned.
 

 It is claimed that the plaintiff in error was not employed to enforce municipal ordinances, that such was the duty of the police, or other officials of the city. In so far as this record goes, he clearly was not endeavoring to enforce a city ordinance, or to threaten arrest, or to do more than simply tell the man Bell that he was violating the ordinance. This does not disclose any affirmative act outside the scope of his employment, and is not in conflict with
 
 Fassig
 
 v.
 
 State ex rel. Turner,
 
 95 Ohio St., 232, 247, 116 N. E., 104, 108:
 

 “It was plainly the intention of the framers of the amendment, and of the statute, to provide for compensation only to one whose injury was the result of or connected with the employment, and would not cover any case which had its cause outside of and disconnected with the employment, although the employe may at • the time have been actually engaged in doing the work of his employer in the usual way.”
 

 We think that the injury to Delassandro was clearly the result of and connected with the employment, and that therefore the' Fassig case does not preclude a recovery, ás argued by the defendant in error. This is a remedial statute and should be liberally construed.
 

 This view has been adopted by this court in several cases.
 
 Industrial Commission
 
 v.
 
 Pora,
 
 100 Ohio St., 218, 125 N. E., 662:
 

 “P., an employe of a manufacturing company
 
 *512
 
 that had paid its premiums in the workmen’s compensation fund, was ordered by a superior to procure an implement, which was to be used by P. to assist such superior. The implement was located in the hands of another employe who had equal rights with P. to its possession. Bequest for possession was refused. An argument was had by the parties. No effort to obtain possession by violence was made by P., nor was there any conduct justifying any assault by the other employe. Thereupon P. was violently assaulted by such other employe, and died from the effects of the assault.
 

 “Held: P. was injured in the course of his employment.”
 

 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38:
 

 “While an employe in compliance with his duty was in the factory where he was employed going to his machine, he was struck in the eye and injured by a file which flew from its handle during a friendly scuffle for it by two other employes. Held: The injury was one occasioned in the course of the workman’s employment within the Workmen’s Compensation Law.”
 

 In other states this liberal construction upon the question of what constitutes the scope of employment in order to make a liability within workmen’s compensation acts has been generally recognized in the decisions. The facts involved in these cases and the nature of the employment in which the workman was engaged are so varied that no attempt will be made to set out the circumstances under which the injuries were received. It is
 
 *513
 
 sufficient to say that the decisions indicate a liberal construction of the acts, the test generally adopted being whether or not the injury was sustained and occasioned by reason of the employment, or in furtherance of the employer’s interests, or in the performance of acts reasonably connected therewith.
 

 Being of opinion that the allegations of the amended petition filed herein disclose sufficient facts to show that the injury in question was received “in the course of employment,” our conclusion is that it was error to deny plaintiff the privilege of introducing evidence.
 

 The judgment of the courts below is therefore reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur.
 

 Wanamaker, J., not participating.