DAVIS, Gdn., a Minor, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5539. Decided March 18, 1957.

R. Brooke Alloway, Columbus, for plaintiff-appellant.

William Saxbe, Atty. Genl., James L. Young, Robert L. Summers, Asst. Attys. Genl., Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This cause was instituted in the Court of Common Pleas of Franklin County as an appeal from a decision of the Industrial Commission of Ohio holding that the plaintiff was not entitled to participate in the benefits of the State Insurance fund as created by the Workmen's Compensation Act. Upon trial at the conclusion of all the evidence the jury, by direction of the court, returned its verdict in favor of the defendant and against the right of the plaintiff to participate in the State Insurance Fund.

The case is now before this court on the question of whether or not the trial judge erred in directing a verdict for the defendant.

The record reveals that there was only one issue before the trial court, to wit, whether or not the death of the decedent resulted from an injury or injuries sustained in the course of and arising out of his employment. We find that there was sufficient evidence to establish that the death resulted from injuries received in an altercation which will later be described. The real issue resolves itself into the question whether it was a compensable injury under the provisions of the Workmen's Compensation Act.

In order that an injured employee may be entitled to an award of compensation under the Act it must appear that his injury was accidental and occurred not only in the course of but occurred from and arose out of the employment. A causal connection between the employment and the injury must be established. **Industrial Commission v. Bankes, 127 Oh St 517.**

The undisputed testimony discloses that at all times pertinent to the issues in this case the plaintiff's decedent, John Collins, was employed as a truck driver for the August Wagner Brewing Company, engaged in delivering beer and making collections for the same; that at the end of the working day he would return his undelivered beer to the brewery and then make out a report for the day's work. There was a room in the basement where this report could be made and also, as in this case, it was customary sometimes to retire to a taproom in the basement for this purpose. Other workmen were also permitted to visit this room at the end of a day's work and drink 3.2 percent beer. While Collins was so engaged in making out his report another driver's helper by the name of Washburn entered the taproom. He engaged in an argument with Collins over the ability of each as a beer salesman, which finally resulted in the calling of uncomplimentary names by each and then a fight ensued, resulting in the injuries which later proved

fatal. It therefore appears that the altercation arose out of an argument which later resulted in Collins' death. It should be noted that the argument arose out of a matter which was completely foreign to the work in which Collins was then engaged, to wit, in the making of his report for the day's business. This work was voluntarily abandoned when he became engaged in the "fight" which it appears was a private affair. One who is injured while engaged in one's private affairs is not permitted to participate in the Workmen's Compensation Fund. This legal principle seems to be clearly set forth in **Industrial Commission v. Ahern, 119 Oh St 41, paragraphs 2 and 3** of the syllabus:

"Under **Section 35, Article II, Ohio Constitution,** and the law enacted pursuant thereto, the phrase, 'in the course of employment,' connotes an injury sustained in the performance of some required duty done directly or incidentally in the service of the employer.

"An employee who is injured when engaged, not in the service of an employer, but in pursuance of the employee's private and personal business, disconnected with the employment, is not entitled to compensation under the Workmen's Compensation Law."

A situation which is analogous to this "fight" case is one where two employees are voluntarily engaged in "horseplay" and one is injured. In the case of Industrial Commission v. Bankes, supra, at page 522, the court said:

"* * * The general rule is that no compensation is recoverable under the Workmen's Compensation Act for injuries sustained through horseplay or fooling which was done independently of, and disconnected from, the performance of any duty of the employment, since such injuries do not arise out of the employment within the meaning of the acts."

The general rule announced above should apply to "fighting" as well as to "horseplay"; that is, that no recovery can be had for injury sustained in a fight which was entered into independently of any duty of the employment. See also **Williams v. Industrial Commission, 63 Oh Ap 66; Brown v. Industrial Commission, 86 Oh Ap 256; Ruffi v. American Fly Away Service, Inc., 61 Abs 236.** Counsel for the appellant cite **Industrial Commission v. Pora, 100 Oh St 218; Delassandro v. Industrial Commission, 110 Oh St 506; Pickett v. Industrial Commission, 98 Oh Ap 372.** Each of these cases may be distinguished upon the facts involved in this respect, to wit, the injury was received while the employee was doing something in accordance with the desire of his employer. In other words, he was doing that which his employer intended him to do. The cause of the injury was an interference with an act performed in accordance with the employer's intention. In the instant case there is no evidence to show any interference with an attempted performance of the decedent's employment. In other words, the "fight" did not ensue or arise out of the work at which Collins was engaged, to wit, the making out of his report. On the contrary, the evidence indicates that the cause of the "fight" was personal animosity between Collins and Washburn entirely unrelated to the performance of any contractual duty. The trial court, therefore, did not err in concluding that there was no evidence

which showed a proper causal relationship between the employment and the injury.

We find no error in the record and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.