DECISION
Appellant, Delmar V. Coleman, and his brother, Jerry, were both employed by appellee, APCOA, Inc., as shuttle bus drivers at Columbus International Airport. On May 12, 1997, Jerry assaulted appellant as he was finishing his shift. As a result of his injuries sustained in the assault, appellant applied for workers' compensation, which appellee, Industrial Commission of Ohio, disallowed.
After the commission refused his appeal, appellant filed a notice of appeal and complaint in the Franklin County Court of Common Pleas pursuant to R.C. 4123.512. Appellees, APCOA, the Administrator of the Bureau of Workers' Compensation, and the Industrial Commission, filed a joint motion for summary judgment. The trial court granted appellees' summary judgment motion and denied appellant coverage on the basis that his injuries were not received in the course of and arising out of his employment. Appellant appeals the decision of the trial court and asserts the following assignment of error:
 The Trial Court Erred In Both Denying Appellant's Motion For Summary Judgment And In Granting Appellees' Motion For Summary Judgment, Where The Undisputed Evidence Demonstrated Appellant Sustained Injuries When A Coworker Physically Attacked Him. Appellant's Injuries Occurred "In The Course of, And Arising Out Of," His Employment According To R.C. 4123.01(C).
Appellate review of a trial court's decision on a motion for summary judgment is de novo. Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588. To prevail on a summary judgment motion, the movant has the burden of demonstrating that no genuine issue of material fact remains to be litigated, that it is entitled to judgment as a matter of law, and that it appears from the evidence, when viewed most strongly in favor of the non-moving party, that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
"An injury sustained by an employee is compensable under the Workers' Compensation Act only if it was `received in the course of, and arising out of, the injured employee's employment.' R.C. 4123.01(C); R.C. 4123.54; Fassig v. State, ex rel. Turner
(1917), 95 Ohio St. 232." Bralley v. Daugherty (1980), 61 Ohio St.2d 302,303.
"In the course of and arising out of" are conjunctive requirements that must both be met before an injury is compensable. Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277. In accordance with R.C. 4123.95, this phrase is to be liberally construed in favor of the employee. Fisher, at 278. The Ohio Supreme Court has construed "in the course of" as relating to the time, place and circumstances of the injury. Fisher, at 277. An injury is received "in the course of employment," "if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." Ruckman v. Cubby Drilling,Inc. (1998), 81 Ohio St.3d 117, 120.
In turn, the Supreme Court of Ohio interprets "arising out of" as referring to a causal connection between the employment and the injury. Fisher, at 277. When determining whether a causal connection exists between an employee's injury and his employment, such that the injury arises from the employment, a totality of the circumstances test is used. Fisher, at 277. Because workers' compensation cases tend to be fact-specific, no one test or analysis could be applied to all cases; consequently, courts have developed sets of rules for similar fact patterns.Fisher, at 280.
When deciding cases involving assaults and fights during work hours at the place of employment, Ohio courts have consistently focused on two factors: (1) whether the origin of the incident was work-related, and (2) whether the claimant was the instigator. Courts have found an injury compensable when the origin was found to be work-related and the claimant did not instigate the assault. See Indus. Comm. v. Pora (1919), 100 Ohio St. 218;Delassandro v. Indus. Comm. (1924), 110 Ohio St. 506. In turn, when both findings have not been made, courts have found no compensable injury. See Williams v. Indus. Comm. (1939), 63 Ohio App. 66;Davis v. Indus. Comm. (1957), 76 Ohio Law Abs. 474;Harvey v. Mayfield (Aug. 20, 1990), Richland App. No. CA-2743, unreported.
Appellant's deposition is the only evidence in the record addressing the assault. At his deposition, appellant testified that Jerry assaulted him twice in the month of May at work. Appellant testified that the first assault occurred around May 1, 1997. Appellant testified that, as he clocked out, a supervisor, Clyde England, called him by an old family nickname. Appellant saw Jerry sitting nearby and laughing, and concluded that Jerry had told England the nickname. Appellant made a derogatory comment about Jerry and went to his car. As appellant was pulling out, Jerry came up and punched him in the mouth and face.
Appellant testified that, shortly before this incident, his brother had threatened him over the phone after appellant defended his wife, who Jerry had accused of getting involved in a dispute between Jerry and his wife. Appellant testified that he went to work the next day and showed his supervisor his injuries. His supervisor then sent him to see the airport manager, who said that Jerry would be fired as soon as he came to work. When appellant returned to work a few days later, he was told that, because Jerry had denied the incident, nothing could be done other than to guarantee that he and Jerry would have no contact on the job.
Appellant testified that the next contact he had with Jerry, both at work and outside of work, was on May 12, 1997, when he was again assaulted. Appellant testified that, on May 12th, he had just finished working his nine-to-five shift and was parking his bus and preparing to clock out. As appellant was parking his bus, Jerry, who was working a 12 noon to 8 p.m. shift, came out of the office, jumped on appellant's bus and threatened him. Appellant had a can of mace with him and put his hand toward the pocket where the mace was; Jerry suspected that he had a gun, jumped off appellant's bus and went into the office building to tell England that appellant had a gun.
In the meantime, appellant parked his bus and walked toward the office to clock out before going home. As he approached the office, he saw England at the door holding back Jerry, who was yelling and screaming at appellant. England told appellant to go home and that he would clock out for him; England let Jerry go so that he could call the police. As appellant was walking to his car, Jerry hit him in the back of the head with an unopened soda pop can, appellant then took out his mace and sprayed Jerry in the face and went to his car. Jerry caught appellant at his car and assaulted him. Appellant eventually got Jerry off of him when he again sprayed him with mace, at which time the police arrived.
Initially when asked why Jerry assaulted him, appellant replied: "Because I stood up to him. I told him my wife did not have anything to do with what was going on between him and his wife. And as far as I know, that's all." (Depo. 32.) However, later in the deposition, appellant stated that, during the May 12th attack, Jerry accused him of trying to get him fired from his job by reporting the first assault. (Depo. 42-43, 50-51.)
Based on appellant's deposition testimony, the trial court found that the May 12th attack was based in part on the ongoing domestic dispute between appellant and his brother and, consequently, concluded as a matter of law that appellant's injuries were not sustained in the course of his employment.
This court is unaware of an Ohio case addressing the issue of whether injuries from an assault fueled by both personal and work-related quarrels can be compensable injuries. Keeping in mind the liberal construction rule and the underlying intent that there be a causal connection between an employee's injury and employment, the fact that a personal quarrel, in addition to a work-related quarrel, contributed to a situation that culminates in an assault and injury should not automatically prevent the injury from being compensable. Rather, an injury that results from an animosity fueled by both personal and work-related quarrels should be compensable when the work-related quarrel exacerbated the situation and, thus, establishes a causal connection between the injury and the employment. This position is consistent with 1 Larson, Law of Workmen's Compensation (1990) Section 8.02(1)(a).
Appellant contends that Jerry instigated the assault and was motivated entirely or partly by the fact that appellant had reported the first assault and, therefore, his injuries from the second assault on May 12th were sustained "in the course of" and "arising out of" his employment.
Appellees contend that the May 12th assault was the result of a purely domestic or personal dispute between appellant and his brother, and that no work-related problems substantially exacerbated the situation between appellant and his brother such that it could have attributed to the May 12th assault.
Contrary to appellees' position, this court finds that there is a genuine issue of material fact as to the extent that appellant's act of reporting the first assault in May to superiors contributed to the May 12th assault. Despite the potentially continuing and simmering animosity between appellant and his brother stemming from their personal dispute, a reasonable trier of fact could conclude that appellant's reporting Jerry's first assault exacerbated the situation and, thus, had a causal connection to the May 12th assault. If this finding were made, appellant's injuries would be compensable.
Appellant's deposition supports, but does not mandate, a finding that his report of the first assault contributed to the May 12th assault. Therefore, a genuine issue of material fact exists as to whether appellant received his injuries "in the course of" and "arising out of" his employment, and the trial court erred in granting summary judgment to appellees. Likewise, the trial court did not err when it denied appellant's motion for summary judgment.
For the foregoing reasons, appellant's assignment of error is sustained in part and overruled in part. The judgment of the trial court is reversed and remanded for proceedings consistent with this decision.
Judgment reversed and cause remanded.
BROWN and KENNEDY, JJ., concur.