DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jin Xi Luo, appeals the decision of the Summit County Court of Common Pleas, which found that he does not qualify for workers' compensation benefits. This Court reverses.
 I. {¶ 2} The events underlying this cause of action took place at New Ming Restaurant, which is owned by appellee Yi Cai Gao ("Employer"). Appellant and Yi Hua Gao, brother of Employer ("Co-Employee"), were both working in the kitchen of the New Ming Restaurant on September 5, 2000. Appellant was getting hot water from a wok that was located between him and Co-Employee when he *Page 2 
accidentally or carelessly spilled hot water on Co-Employee's hand. Co-Employee became upset and the two began to argue.
 {¶ 3} Employer's wife heard the argument and told the two to stop and get back to work. Appellant returned back to his cooking in an attempt to put an end to any further argument. However, while appellant had his back to Co-Employee, Co-Employee hit appellant on the back of the head with a large cooking utensil, causing appellant to lose consciousness. As a result of the assault, appellant sustained a brain injury which caused permanent paralysis to his left side.
 {¶ 4} Appellant filed an application for workers' compensation for his injuries. The workers' compensation claim was allowed by the Industrial Commission for a concussion and intracerebral hemorrhage. Employer appealed the decision of the Industrial Commission to the Summit County Common Pleas Court. A bench trial was held at the conclusion of which the trial court found that the injuries appellant sustained were not compensable under the workers' compensation statutes. Appellant timely appealed the trial court's decision, setting forth two assignments of error for review. The two assignments of error raise common and interrelated issues; therefore, this Court will address the assignments together.
 FIRST ASSIGNMENT OF ERROR *Page 3 
"THE TRIAL COURT INCORRECTLY DETERMINED THAT INJURIES SUSTAINED BY PLAINTIFF-APPELLANT WERE NOT COMPENSABLE SOLELY BECAUSE THEY WERE INFLICTED WILFULLY AND DELIBERATELY BY A CO-EMPLOYEE[.]"
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT FAILED TO APPLY STATUTORY AND WELL SETTLED PRECEDENT TO DETERMINE WHETHER PLAINTIFF-APPELLANT WAS IN THE COURSE AND SCOPE OF HIS EMPLOYMENT AT THE TIME HE WAS INJURED AND INSTEAD INCORRECTLY FOCUSED ON WHETHER PLAINTIFF-APPELLANT'S ATTACKER WAS WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT[.]"
 {¶ 5} In his two assignments of error, appellant challenges the trial court's finding that the injuries he sustained are not compensable under the workers' compensation statutes.
 {¶ 6} This Court notes at the outset that, unlike other administrative appeals, appeals of actions of the industrial commission or the bureau of workers' compensation are not governed by R.C. Chapters 119 or 2505 but by R.C. Chapter 4123. See R.C. 119.01(A). Decisions of the industrial commission concerning the right of an employee to participate in the state's workers' compensation fund may be appealed to a court of common pleas under R.C. 4123.512. The appeal authorized by R.C.4123.512, formerly R.C. 4123.519, is in the nature of a new trial in the common pleas court. State ex rel. Federated Dept. Stores, Inc. v.Brown (1956), 165 Ohio St. 521; Crabtree v. Young (1965),1 Ohio St.2d 93. Such appeals are governed by the Ohio Rules of Civil Procedure. See R.C. *Page 4 4123.512(E). Thus, upon the filing of a notice of appeal, the action proceeds like any other civil action. Golden v. Kearse (June 7, 1999), 12th Dist. No. CA98-08-164.
 {¶ 7} When reviewing a judgment entered in a bench trial, "[t]he appropriate standard of review is whether the trial court's judgment is `supported by some competent, credible evidence going to all the essential elements of the case.'" Estate of Barbieri v. Evans (1998),127 Ohio App.3d 207, 211, quoting, CE. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, syllabus.
 "This standard is highly deferential and even `some' evidence is sufficient to sustain the judgment and to prevent a reversal. Therefore, this Court does not decide whether it would have come to the same conclusion as the trial court. Rather, this Court is required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions." (Citations omitted.) Liberty Excavating, Inc. v. Welty Bldg. Co., Ltd., 9th Dist. No. 21807, 2004-Ohio-4873, at ¶ 8.
 {¶ 8} R.C. 4123.01(C) defines injury for the purpose of workers' compensation as follows:
 "`Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."
In the present matter, the trial court found that appellant was not entitled to participate in the workers' compensation fund because his injuries were inflicted willingly and deliberately by a co-employee. In reaching its conclusion, the trial court found that in order for an injury to be compensable under the workers' *Page 5 
compensation statutes, the injury must have been caused by accidental means rather than deliberately. The trial court's reasoning, however, is not supported by the case law. Industrial Comm. v. Pora (1919),100 Ohio St. 218, is the seminal case in Ohio regarding compensation for workplace assaults. In Pora, an employee fatally assaulted Pora when Pora was sent by his supervisor to take possession of an electric riddle that was in the possession of the employee. Pora's injuries were clearly not the result of an accident, but rather were intentionally inflicted by the employee. In deciding whether Pora's widow was entitled to receive benefits on behalf of her deceased husband through the workers' compensation program, the Supreme Court of Ohio found the issue to be whether Pora removed himself from his course and scope of employment. In its analysis, the Court did not differentiate between Pora's case where his injuries were intentionally inflicted by a co-employee and other cases where an employee's injuries were the result of an accident. Just as in Pora, the appellant's injuries were intentionally inflicted by Co-Worker. However, that fact in itself does mean that appellant is not eligible to participate in the workers' compensation program. The correct inquiry in determining whether appellant is entitled to participate in the workers' compensation program is whether appellant's injuries were sustained during the course of and arising out of his employment. R.C. 4123.01(C). Inherent in that question is the question of whether appellant removed himself from the course and scope of his employment. *Page 6 
 {¶ 9} In order for an employee's injury to be compensable by the state workers' compensation fund it must be "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). This test is conjunctive; both prongs of the formula must be satisfied before compensation will be allowed. Fisher v. Mayfield (1990),49 Ohio St.3d 275, 277. As a general rule, the Ohio workers' compensation statutes must be "liberally construed in favor of the employee." R.C.4123.95; Fisher at 278. It is "axiomatic" that this rule of construction applies to the phrase "in the course of, and arising out of." Id.
A. "In the course of
 {¶ 10} The Supreme Court of Ohio defined "in the course of employment":
 "The phrase `in the course of employment' limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service. * * * "To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer." * * * An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 120. (Citations omitted.)
The determination of whether an injury occurs in the course of employment requires courts to look at the "time, place, and circumstances" of the injury. Id., citing Fisher, 49 Ohio St.3d at 277. In the present matter, it is undisputed that appellant was in the course of his employment when he was assaulted by Co-Worker. The question before this Court is whether appellant's injures arose out of his employment with appellee. *Page 7 
B. "Arising out of
 {¶ 11} Whether an injury arises out of employment is a question of fact. See Pilar v. Ohio Bur. of Workers' Comp. (1992),82 Ohio App.3d 819; Dolby v. Gen. Motors Corp. (1989), 62 Ohio App.3d 68. The "arising out of prong denotes a causal connection between the employment and the injury. Fisher, 49 Ohio St.3d at 277-278. To determine whether a sufficient causal relationship exists, Ohio courts employ a "totality of the facts and circumstances" analysis. Id. at 277.
 {¶ 12} In the case at hand, appellant and Co-Worker were working in the kitchen of appellee's restaurant when the assault occurred. Although there was a question at trial as to whether appellant was employed by appellee, the trial court found appellant to be an employee and appellee has not questioned that finding on appeal. After finding that appellant met the requirements to be classified as an employee, the trial court held that appellant's injuries were not compensable under the workers' compensation statutes because they did not arise out of his employment. In reaching this determination, the trial court agreed with appellee's argument that the injuries sustained by appellant were the result of an "imported quarrel" between appellant and Co-Worker and not related to his work at appellee's restaurant. The trial court found that Co-Worker assaulted appellant "solely to gratify his feelings of anger or hatred." The trial court also found that "before the date of the injury, there was personal enmity between Co-Employee *Page 8 
and Employee." This Court finds that the trial court's findings were not supported by the record. The only testimony regarding the assault was appellant's testimony that right before he felt the blow to the back of his head, he heard Co-Worker say "I wanted to hit you long time ago." However, this statement by Co-Worker is not explained by the testimony of either appellant or Co-Worker.
 {¶ 13} In addressing a similar fact pattern, the Tenth Appellate District Court held:
 "This court is unaware of an Ohio case addressing the issue of whether injuries from an assault fueled by both personal and work-related quarrels can be compensable injuries. Keeping in mind the liberal construction rule and the underlying intent that there be a causal connection between an employee's injury and employment, the fact that a personal quarrel, in addition to a work-related quarrel, contributed to a situation that culminates in an assault and injury should not automatically prevent the injury from being compensable. Rather, an injury that results from an animosity fueled by both personal and work-related quarrels should be compensable when the work-related quarrel exacerbated the situation and, thus, establishes a causal connection between the injury and the employment. This position is consistent with 1 Larson, Law of Workmen's Compensation (1990) Section 8.02(1)(a)." Coleman v. APCOA, Inc. (Sept. 28, 1999), 10th Dist. No. 99AP-60.
Assuming without deciding that appellant's injuries resulted in part from a personal quarrel between him and Co-Worker rather than solely from a work-related quarrel between the two, this Court adopts the reasoning of the Tenth Appellate District Court's holding inColeman, and finds that appellee's argument lacks merit. *Page 9 
 {¶ 14} Appellant's assignments of error are sustained in that this Court finds that appellant received his injuries from Co-Worker during the course of and within the scope of his employment with appellee and that appellant did nothing to remove himself from his scope of employment.
 III. {¶ 15} Appellant's two assignments of error are sustained. The decision of the Summit County Court of Common Pleas is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
 WHITMORE, P. J. MOORE, J. CONCUR *Page 1