LOWE, Appellant,

v.

COX PAVING, INC., et al., Appellees.

[Cite as *Lowe v. Cox Paving, Inc.*, 190 Ohio App.3d 154, 2010-Ohio-3816.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA2010–03–005.

Decided Aug. 16, 2010.

Daniel S. Knisley, for appellant.

Michael Soto, for appellee Cox Paving, Inc.

Richard Cordray, Attorney General, and Steven P. Fixler, Assistant Attorney General, for appellee Administrator, Ohio Bureau of Workers' Compensation.

RINGLAND, Judge.

{¶ 1} Plaintiff-appellant, Joshua L. Lowe, appeals a decision of the Brown County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Cox Paving, Inc. and the Ohio Bureau of Workers' Compensation.

{¶ 2} Cox Paving hired appellant in 2005. Appellant was assigned to the same work crew as William Merz. Appellant's primary duties at the company involved raking pavement. Merz was employed by Cox to operate the roller, which smoothed pavement after being raked. Cox Paving suggests that appellant and Merz socialized regularly. Cox Paving claims both were heavy drinkers and

would often play video games, watch television, and drink beer at appellant's home. Additionally, when Merz's girlfriend would throw him out of his home, appellant would allow Merz to stay at his residence. Appellant disputes their social interaction. Appellant acknowledges that Merz would sleep at his home from time to time, but claims they were not otherwise socially active.

{¶ 3} On November 5, 2007, appellant and Merz met at the company office to obtain their assignment for the day. After receiving an assignment to repave an apartment subdivision in Brown County, appellant and Merz rode together in a company truck to the site. Appellant drove the vehicle. Merz brought a cooler filled with beer. According to Cox Paving, both drank the beer on the way to work. Cox claims that this was a regular practice for them. Appellant claims he did not drink that day.

{¶ 4} At lunch time, appellant was sent to pick up his supervisor's lunch using the company truck. Upon appellant's return, Merz went to the truck to retrieve another beer from the cooler. Appellant was sitting in the truck talking to his girlfriend on his cell phone. Only two empty cans remained in the cooler. Believing that appellant had consumed the last two beers, Merz demanded that appellant go buy more beer. Appellant remained on his cell phone and did not respond. Merz left the truck and returned to talk to other crew members.

{¶ 5} A factual dispute exists regarding an assault that occurred between appellant and Merz. According to appellees, after finishing the conversation with his girlfriend, appellant walked over to where Merz was speaking with crew members. Appellant shoved Merz, asking, "What is your problem?" Merz then shoved appellant and told appellant to go buy more beer to make up for the two that appellant had drunk while picking up lunch for his supervisor. Appellant responded by telling Merz not to put his hands on him again. Merz punched appellant in the face and walked away.

{¶ 6} Appellant claims to have no memory of the encounter. Appellant states that he remembers everybody returning to work and then "the next day waking up at home with no clue of what had happened." However, appellant claims, according to his brother, that the assault was unprovoked, and Merz struck him with something.

{¶ 7} When appellant did not get up immediately after the incident, Merz walked away from the job site to a nearby gas station. He purchased beer and called a friend to pick him up. That evening, Merz tried to contact appellant to apologize, but appellant's girlfriend answered and told him that appellant had nothing to say.

{¶ 8} On November 6, 2007, Cox Paving fired Merz for drinking while on the job. Cox subsequently fired appellant for, among other things, refusing to

submit to a post-accident drug screen. Appellant filed a workers' compensation claim for injuries sustained from the incident with Merz. The bureau denied appellant's claim, and appellant appealed the matter to the common pleas court. Appellees filed for summary judgment, which was granted by the trial court. Appellant timely appeals, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} "The trial court erred in granting appellees' motion for summary judgment, where the undisputed evidence demonstrated that appellant sustained injuries when a coworker physically attacked him. The trial court incorrectly determined that injuries sustained by appellant were not compensable solely because they were inflicted willfully and deliberately by a co-employee."

{¶ 11} Assignment of Error No. 2:

{¶ 12} "The trial court failed to apply statutory and well settled precedent to determine whether appellant was in the course and scope of his employment at the time he was injured and instead incorrectly focused on whether appellant's attacker was within the course and scope of his employment."

{¶ 13} Appellant essentially argues the same facts under both assignments of error. Accordingly, we will address appellant's assignments of error together. Appellant claims that a factual dispute exists regarding the events of November 5, 2007, and as a result, summary judgment is improper in this case.

{¶ 14} On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 296, 708 N.E.2d 285. Summary judgment is proper when there is no genuine issue of material fact remaining for trial, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. See Civ.R. 56(C); see also *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The movant bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once this burden is met, the nonmovant has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.

{¶ 15} To receive workers' compensation benefits for an injury, an employee must establish that the injury resulted in the course of and arising out of his employment; both requirements must be met. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271; R.C. 4123.01(C). An injury arises out of the employment when a sufficient causal connection exists between the injury and employment. *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 444, 20 O.O.3d 376,

423 N.E.2d 96. Whether a sufficient causal connection exists depends upon the totality of the facts and circumstances surrounding the injury. Id.

{¶ 16} In workers' compensation cases involving fights and assaults at the place of employment, Ohio courts have consistently focused on two factors: (1) whether the origin of the assault was work-related, and (2) whether the claimant was not the instigator. *Foster v. Cleveland Clinic Found.*, Cuyahoga App. Nos. 84156 and 84169, 2004-Ohio-6863, 2004 WL 2914985, ¶ 13, citing *Coleman v. APCOA, Inc.* (Sept. 28, 1999), Franklin App. No. 99 AP–60, 2000 WL 192560. The injury is compensable only if both findings are made. Id.

{¶ 17} Appellees suggest that the assault was not work-related, and as a result, appellant cannot recover workers' compensation benefits. In opposition, appellant relies on the fact that the assault arose at the workplace and submits the following cases in support.

{¶ 18} In *Luo v. Gao*, Summit App. No. 23310, 2007-Ohio-959, 2007 WL 675635, Luo accidentally spilled hot water on his co-worker, Gao. Gao became upset, and the men began to argue. After returning to work, Gao hit Luo on the back of the head with a large cooking utensil, causing him to lose consciousness. The Ninth District Court of Appeals found that Luo had suffered the injuries during the course of and in the scope of employment. Id. at ¶ 14.

{¶ 19} In *Masden v. CCI Supply, Inc.*, Montgomery App. No. 22304, 2008-Ohio-4396, 2008 WL 3990826, the employee, Masden, was sent to work at a construction site in Michigan by his employer, CCI Supply. CCI made reservations for Masden to stay at the nearby Best Value Inn while he was stationed in Michigan. According to Masden, the motel was in a less-than-desirable location, with a prostitute living on the premises and excessive drinking among the lodgers, but it was the only place CCI was willing to pay for him to stay. One evening, some unruly neighbors were drinking and arguing outside Masden's room. After asking the neighbors to take the argument elsewhere so that he could get a good night's rest, Masden said, a fight ensued. Masden was hit on the head with a beer bottle and also injured his rotator cuff. Masden applied for workers' compensation. A jury verdict concluded that Masden was entitled to participate in the workers' compensation fund. On appeal, the Second District Court of Appeals concluded, based on the totality of the circumstances, that the injury had occurred in the course of and arising out of Masden's employment. The court reasoned that since Masden was a traveling employee, his course of employment was the "entire time he was traveling except when he was on a personal errand." Id. at ¶ 12. "Masden would not have been lodging at the Best Inn in Michigan at the time of the incident, but for his employment with CCI." Id. at ¶ 20. Further, since CCI selected and paid for the hotel, the events arose out of Masden's employment. Id. at ¶ 18.

{¶ 20} In *Delassandro v. Indus. Comm.* (1924), 110 Ohio St. 506, 144 N.E. 138, the plaintiff, Delassandro, was employed as a street cleaner for the city of Cleveland. Delassandro noticed a man sweeping dirt into the street, a violation of a city ordinance. Delassandro warned the man that his conduct was a violation of the law. Delassandro then returned to his work. Shortly thereafter, the man approached Delassandro from behind and assaulted him. Delassandro filed a claim for workers' compensation. The Supreme Court concluded, "Where one employed by a municipality as a street cleaner, while so engaged, tells a person who has swept dirt into the street, in violation of a city ordinance, that he is 'violating said ordinance,' whereupon the street cleaner, continuing his work, is violently assaulted from behind and injured by such person, without provocation, such injury is sustained 'in the course of his employment' under the terms of the Workmen's Compensation Act." Id. at syllabus.

{¶ 21} Finally, in *Indus. Comm. v. Pora* (1919), 100 Ohio St. 218, 125 N.E. 662, Pora was employed at the Youngstown Foundry & Machine Company. Pora was instructed by his supervisor to go to another part of the factory to obtain a piece of equipment. The helper refused to give the instrument to Pora. The men began to argue over possession of the instrument, and the helper struck Pora over the head with a shovel. Pora died the following day. Pora's widow sought an award under the Workers' Compensation Act. Id. at 222. The Supreme Court found that the argument and assault arose from Pora's course of employment and, as a result, Pora's widow was entitled to workers' compensation. Id.

{¶ 22} We find *Luo, Masden, Delassandro*, and *Pora* inapplicable to this case. The arguments and resulting assaults in those cases arose from work-related activities in the course of employment. The argument between appellant and Merz in the case at bar resulted from a personal dispute over beer. Although the events in the instant appeal occurred on the jobsite, the disagreement did not involve work-related matters.

{¶ 23} However, we do find similarities to *Coleman*, Franklin App. No. 99AP–60, 2000 WL 192560, cited by appellant. Delmar Coleman and his brother Jerry both worked as shuttle-bus drivers at Columbus International Airport. Delmar assaulted Jerry twice on the jobsite. The assaults were the result of an argument involving the brothers' wives and a derogatory comment Delmar allegedly made about Jerry. The Tenth Appellate District found that a genuine issue of material fact remained based upon the liberal construction required of the Unemployment Compensation Act. Id. at *4. Like the case at bar, the assault in *Coleman* did not involve work-related matters. *Coleman* stated, "[A] personal quarrel, in addition to a work-related quarrel, contributed to a situation that culminates in an assault and injury should not automatically prevent the injury from being compensable. Rather, an injury that results from an animosity fueled

by both personal and work-related quarrels should be compensable when the work-related quarrel exacerbated the situation and, thus, establishes a causal connection between the injury and the employment." Id.

{¶ 24} Regardless of whether we agree with the Tenth District and follow *Coleman*, in order for him to recover under the Workers' Compensation Act, appellant must present facts establishing that he was not an instigator of the assault. After a review of the record, we find that appellant has failed to demonstrate the existence of a genuine issue of material fact.

{¶ 25} Appellees argue that appellant was an instigator of the assault. In support, appellees submit an affidavit from Merz. Merz states in the affidavit that appellant shoved him, asking, "[W]hat is your problem?" The fight escalated as Merz retaliated by shoving appellant and instructing him to go buy more beer. Appellant responded by telling Merz not to put his hands on him again. Merz punched appellant in the face and walked away.

{¶ 26} In opposition, appellant relies upon his deposition testimony. In the deposition, appellant stated that he had no recollection of the events, but claims that his brother told him that Merz had hit him with something. As a result, appellant claims that a genuine issue of material fact exists regarding whether Merz's conduct was or was not provoked.

{¶ 27} When ruling on a motion for summary judgment, a trial court must consider only admissible evidence. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 631, 605 N.E.2d 936 ("Only facts which would be admissible in evidence can be * * * relied upon by the trial court when ruling upon a motion for summary judgment"). Hearsay statements, i.e., statements other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted, are not admissible evidence in a summary-judgment context unless an exception to the hearsay rule applies. Evid.R. 801(C); *Koop v. Speedway SuperAmerica, L.L.C.*, Warren App No. CA 2008–09–110, 2009-Ohio-1734, 2009 WL 975574, ¶ 11.

{¶ 28} The statement attributed to appellant's brother is clearly hearsay. Evid.R. 801(C). Appellant did not submit an affidavit from his brother or other co-workers who were present at the site that day to support his position that the assault was unprovoked. Based upon this lack of admissible evidence, we cannot consider appellant's version of the events. As a result, no dispute exists regarding the origins of the assault, as we must accept the appellees' version, which supported the Merz affidavit.

{¶ 29} The unopposed facts in the record establish that appellant was an instigator of the fight in this matter, having shoved Merz at the beginning of the argument. Accordingly, he cannot recover under the Workers' Compensation

Act. See *Foster,* 2004-Ohio-6863, 2004 WL 2914985, at ¶ 13; *Coleman,* 2000 WL 192560, at *2.

{¶ 30} Appellant's first and second assignments of error are overruled.

Judgment affirmed.

POWELL, P.J., and HENDRICKSON, J., concur.