[Cite as *Dayton v. Parson*, 2023-Ohio-1509.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CITY OF DAYTON | : | |
| | : | |
| Appellees | : | C.A. No. 29353 |
| | : | |
| v. | : | Trial Court Case No. 2020 CV 01754 |
| | : | |
| APRIL R. PARSON, ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 5, 2023

. . . . . . . . . . .

THOMAS M. GREEN & NATALIE J. TACKETT, Attorneys for Appellee

SHAWN M. WOLLAM, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} April R. Parson appeals from a judgment of the Montgomery County Common Pleas Court, which granted summary judgment in favor of the City of Dayton on its administrative appeal of her claim for workers' compensation benefits. For the following reasons, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On the morning of November 23, 2019, Parson was working overtime for the City of Dayton ("the City"). Parson and two other employees, Mary Blair and Kathy Peebles, were assigned to strip and wax the floors in the maintenance building. Throughout the morning, Parson used a large floor stripping machine to strip the floors. Around 10:30 a.m., Parson, Blair, and Peebles were in the break room together getting ready to go to lunch. While sitting down, Parson and Peebles got into a verbal argument. The discussion between the two initially related to Chapter 13 bankruptcy but then progressed to comments about each other's family members. According to Parson, she asked Peebles, "why are you yelling and getting loud. Your daughter is not strigh [sic]." Peebles then jumped out of her chair and raised her fist as though to attack Parson. In response, Parson got out of her chair and backed away. As Peebles threatened Parson, Blair got up and put herself between Peebles and Parson. Parson was telling Peebles to "get away, stop it, stop it" when she tripped over the floor stripping machine and fell backwards onto her left wrist. A paramedic was called, and Parson was taken to Miami Valley Hospital by ambulance.

{¶ 3} On November 25, 2019, Parson filed a workers' compensation claim for the injury to her wrist. The claim was initially denied by the Administrator of the Bureau of Workers' Compensation. Parson appealed her claim to a District Hearing Officer of the Industrial Commission of Ohio. On January 18, 2020, the hearing officer disallowed Parson's claim. Parson appealed and the matter was heard before a Staff Hearing Officer, who vacated the District Hearing Officer's decision and allowed Parson's claim for a left wrist fracture. The City subsequently appealed the Staff Hearing Officer's decision to the

Industrial Commission, which declined to hear the appeal. Thereafter, on April 17, 2020, the City filed an administrative appeal in the Montgomery County Common Pleas Court pursuant to R.C. 4123.512.

{¶ 4} During the proceedings in the trial court, Parson submitted to a deposition wherein she described the events preceding her injury. After the deposition, the City filed a motion for summary judgment, to which it attached a copy of the deposition. Exhibits attached to Parson's deposition included Parson's written statement, her first report of injury to the Bureau of Workers' Compensation, a medic run sheet, emergency room records, and historical medical records.

{¶ 5} On December 7, 2021, the trial court granted the City's motion for summary judgment.  The court found that although the injury occurred during the course of Parson's employment, it did not arise out of the employment, because the origin of the assault was not work-related. Parson timely appealed from the trial court's decision.

## II.    Summary Judgment Standard

{¶ 6} "Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Taylor v. Meijer, Inc.*, 182 Ohio App.3d 23, 2009-Ohio-1966, 911 N.E.2d 344, ¶ 11 (2d Dist.), citing *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997); *Harless v. Willis Day Warehousing Co.*, 54

Ohio St.2d 64, 375 N.E.2d 46 (1978). The moving party has the burden of demonstrating that no genuine issue exists as to any material fact. *Harless* at 66. Once the moving party has satisfied its burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmoving party bears a reciprocal burden to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The nonmoving party cannot rely upon the mere allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). If no genuine issue of material fact exists, summary judgment must be awarded as a matter of law.

{¶ 7} When reviewing a summary judgment ruling made by a court of common pleas from an appeal of a decision by the Industrial Commission, we apply the same standard used to assess any other summary judgment ruling, which is de novo review. *Lafon v. Iron Tiger Logistics*, 2d Dist. Clark Nos. 2015-CA-11, 2014-CV-501, 2015-Ohio-2428, ¶ 8. "De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial." *McAlpine v. McCloud*, 2021-Ohio-2430, 175 N.E.3d 948, ¶ 13 (2d Dist.), citing *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

### III. Workers' Compensation Law

{¶ 8} The legislature established the Ohio workers' compensation system under R.C. Chapter 4123. *Stolz v. J & B Steel Erectors, Inc.*, 155 Ohio St.3d 567, 2018-Ohio-5088, 122 N.E.3d 1228, ¶ 8. Ohio's workers' compensation statutes provide benefits for

injuries "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). "The in-the-course-of-employment and arising-out-of-employment elements overlap, but an injured employee must prove the existence of both elements." *Taylor* at ¶ 15, citing *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 124, 689 N.E.2d 917 (1998), fn. 3. The workers' compensation statutes are to be liberally construed in favor of the employee. R.C. 4123.95. "Nevertheless, the claimant bears the burden to prove both prongs of this two-prong formula." (Citations omitted.) *Serraino v. Fauster-Cameron, Inc.*, 3d Dist. Defiance No. 4-12-11, 2013-Ohio-329, ¶ 17.

{¶ 9} The "in the course of" element refers to the "time, place, and circumstances of the injury, and limits compensation to injuries received while the employee was engaged in a duty required by the employer." *Janicki v. Kforce.com*, 167 Ohio App.3d 572, 2006-Ohio-3370, 855 N.E.2d 1282, ¶ 13 (2d Dist.), citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990). However, the employee need not necessarily be injured in the actual performance of work so long as the injury is sustained while the employee engages in an "activity that is consistent with the contract for hire and is logically related or is incidental to the employer's business." *Masden v. CCI Supply, Inc.*, 2d Dist. Montgomery No. 22304, 2008-Ohio-4396, ¶ 8, quoting *Sebek v. Cleveland Graphite Bronze Co.*, 148 Ohio St. 693, 76 N.E. 892 (1947), paragraph three of the syllabus.

{¶ 10} The "arising out of" element "contemplates a causal connection between the injury and the employment." *Fisher* at 278. A causal connection is determined by looking at "the totality of the facts and circumstances surrounding the accident, including the proximity of the scene of the accident to the place of employment, the degree of

control the employer had over the scene of the accident, and the benefit the employer received from the injured employee's presence at the scene of the accident." *Taylor* at ¶ 14, citing *Fisher* at 277, citing *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981), syllabus. This list of factors is not intended to be exhaustive however. *Fisher* at 279, fn. 2. Because workers' compensation cases are very fact specific, "no one test or analysis can be said to apply to each and every factual possibility." *Id.* at 280. For this reason, "historically, similar fact patterns have promulgated their own set of rules." *Id.*

{¶ 11} One of the recognized fact patterns in Ohio cases involves fights and assaults that occur at the workplace. "In workers' compensation cases concerning fights and assaults during work hours at the place of employment, Ohio courts have consistently focused on two factors: (1) if the origin of the assault was work-related; and (2) if the claimant was not the instigator." *Foster v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga Nos. 84156, 84169, 2004-Ohio-6863, ¶ 13, citing *Coleman v. APCOA, Inc.*, 10th Dist. Franklin No. 99AP-60, 2000 WL 192560, *2 (Sept. 28, 1999). "The injury is compensable only if both findings are made." (Citations omitted.) *Id.*

{¶ 12} The Workers' Compensation Act is not meant to impose a duty on an employer as an absolute insurer of the employee's safety, but to protect employees against the risks and hazards incident to the performance of their duties. *Carrick v. Riser Foods, Inc.*, 115 Ohio App.3d 573, 577, 685 N.E.2d 1261 (8th Dist.1996). As such, "injuries that result from an employee's misconduct or deviant behavior are not compensable, as the conduct falls outside the scope of employment." *Id.*

IV. **Analysis**

{¶ 13} It is undisputed that the argument between Parson and Peebles occurred at their place of employment and during work hours. The parties, therefore, do not contest that Parson was injured in the course of her employment. Rather, Parson alleges that the trial court erred in granting summary judgment for the City by finding, as a matter of law, that her injury did not arise out of her employment with the City.

{¶ 14} In granting summary judgment, the trial court found that Parson's injury did not arise out of her employment with the City. Applying the analysis in *Foster*, the trial court found that the origin of the fight between Parson and Peebles was not work-related. Parson and Peebles were originally discussing Chapter 13 bankruptcy and their children, nothing related to stripping the floors, working overtime, or any other job-related duties. December 7, 2021 Decision at p. 7-8. Because the origin of the fight was not work-related, Parson's injury did not arise out of her employment with the City, and she was not entitled to participate in workers' compensation. *Id.*

{¶ 15} On appeal, Parson contends that her injury arose as a result of activity that was "incidental" to the City's business because she was on a work break talking to other employees. According to Parson, the personal communications amongst co-workers "was presumably permitted by the City of Dayton and incidental to Ms. Parson's employment" such that her injuries occurred in the course of and arising out of her employment.

{¶ 16} Parson's argument suggests that any injury that occurs during the course of an employee's approved work break satisfies the element that the injury arose out of the employment. We do not agree. "It is well established that the mere fact that injury or

death of an employee occurred while he was engaged in the employment is not sufficient to entitle a claimant to an award of compensation." *Eggers v. Indus. Comm.*, 157 Ohio St. 70, 77, 104 N.E.2d 681 (1952). The claimant must also establish a causal connection between the injury and the employment. *Indus. Comm. v. Weigandt*, 102 Ohio St. 1, 2, 130 N.E. 38 (1921). It is this causal connection that is necessary for an employee to recover under workers' compensation. *Fisher*, 49 Ohio St.3d at 277-278, 551 N.E.2d 1271; *Indus. Comm. v. Bankes*, 127 Ohio St. 517, 189 N.E.437 (1934), paragraph two of the syllabus.

{¶ 17} Parson's proposition also ignores well-recognized case law that requires an employee involved in an altercation at the place of employment to establish that the origin of the fight or assault was work-related and that the employee was not an instigator. In *Foster*, workers' compensation benefits were sought after a woman was shot to death by her ex-husband at the clinic where she worked. *Foster,* 8th Dist. Cuyahoga Nos. 84156, 84169, 2004-Ohio-6863, at ¶ 1. On the day of the shooting, the woman was driven to work by her ex-husband. *Id.* at ¶ 15. While in the parking lot, the woman and her ex-husband were confronted by her gun-wielding current husband who fired at their vehicle and injured the ex-husband. *Id.* The woman fled into the clinic, and the husband chased her down and fatally shot her in the lobby. *Id.* The appellate court affirmed summary judgment for the employer and the Bureau of Workers' Compensation, because the assault was not work-related but rather arose out of a personal dispute between her and her husband. *Id.* at ¶ 16, 27.

{¶ 18} The *Foster* court held that "[i]n workers' compensation cases concerning

fights and assaults during work hours at the place of employment, Ohio courts have consistently focused on two factors: (1) if the origin of the assault was work-related; and (2) if the claimant was not the instigator. * * * The injury is compensable only if both findings are made." (Citations omitted.) *Id.* at ¶ 13. *Foster* espoused the easily identifiable rule but relied on the following established case law to arrive at that determination. *Indus. Comm. v. Pora*, 100 Ohio St. 218, 125 N.E. 662 (1919) (injuries arising from an argument between coworkers over possession of a work instrument were compensable); *Delassandro v. Indus. Comm.*, 110 Ohio St. 506, 144 N.E. 138 (1924) (street cleaner's injuries caused by assault from an individual the street cleaner informed was in violation of local street cleaning ordinance were compensable); *Williams v. Indus. Comm.*, 63 Ohio App. 66, 25 N.E.2d 313 (6th Dist.1939) (death of employee was not compensable under Workers' Compensation Act where the injuries were sustained by fellow employee while on the job which started in horseplay but ended in earnest); *Harvey v. Mayfield*, 5th Dist. Richland No. CA-2743, 1990 WL 125187 (Aug. 20, 1990) (injury of employee involved in altercation with fellow employee at work place did not occur in the course of and arise out of employee's employment where dispute concerned alleged damage to one of the employee's personal property); *Davis v. Indus. Comm.*, 76 Ohio L. Abs. 474, 148 N.E.2d 100 (10th Dist.1957) (where a plaintiff-decedent, who was engaged in making out required company reports, became engaged in an argument with another employee relating to a private affair, and the argument resulted in a fight in which decedent received fatal injuries, the decedent had voluntarily abandoned his work, and his injuries did not arise out of his employment so as to entitle him to participate in the Workmen's

Compensation Fund).

{¶ 19} Other appellate courts have applied the same test in similar circumstances, including our own Court. *See Coleman v. APCOA, Inc.*, 10th Dist. Franklin No. 99 AP-60, 2000 WL 192560 (Sept. 28, 1999) ("When deciding cases involving assaults and fights during work hours at the place of employment, Ohio courts have consistently focused on two factors: (1) whether the origin of the incident was work-related, and (2) whether the claimant was the instigator. Courts have found an injury compensable when the origin was found to be work-related and the claimant did not instigate the assault."); *Lowe v. Cox Paving, Inc.*, 190 Ohio App.3d 154, 2010-Ohio-3816, 941 N.E.2d 88 (12th Dist.) (injuries resulting from an assault by coworker while on the job which was based on an argument unrelated to work and in which claimant was the instigator were not compensable); *Garner v. Bur. of Workers Comp.*, 2018-Ohio-3398, 118 N.E.3d 479 (2d Dist.) (employer entitled to summary judgment where claimant's injuries were not received in the course of and arising out of his employment when he was assaulted in the parking lot of the employer's business).

{¶ 20} There is no dispute that Parson was injured in the course of her employment. But pursuant to *Foster*, Parson still had to demonstrate that her injury arose out of her employment in order for her claim to be compensable, meaning that she had to show that the origin of the assault was work-related and that she was not the instigator. Based on the uncontroverted evidence, the origin of the assault was not work-related but instead was based on personal matters brought to fruition in the employment setting. According to Parson's written statement, the argument with Peebles originated with a

discussion of Chapter 13 bankruptcy. The conversation progressed into an argument about their respective children in which disparaging comments were made by both Parson and Peebles. Immediately after Parson made a comment about Peebles' daughter, Peebles raised her fist and threatened to attack Parson, who then got out of her seat and started retreating from Peebles. While moving away from Peebles, who was still yelling at Parson, Parson tripped and fell over the floor stripping machine. Parson's testimony confirmed that the verbal altercation between Peebles and Parsons was what caused her to back up and fall.

{¶ 21} The ambulance records from Parson's transport to the hospital explained that Parson stated she had gotten into an altercation with a coworker and had taken a few steps back when she tripped and fell over the floor equipment. Parson also told medical personnel at the emergency room that, prior to her fall, she had gotten into a disagreement with a coworker and had been attempting to back away when she backed into a piece of equipment and fell onto her wrist.

{¶ 22} Construing this evidence in a light most favorable to Parson, reasonable minds could only conclude that Parson's injury arose out of a personal dispute between her and Peebles that was entirely unrelated to the performance of any duty imposed by her employment with the City. There was no evidence that the dispute originated out of, was related in any way to, or was exacerbated by Parson's employment with the City.

{¶ 23} We therefore agree with the trial court that there is no genuine issue of material fact and that reasonable minds can only conclude that Parson's injuries were not received "in the course of" and "arising out of" her employment. Consequently, she was

not entitled to workers' compensation benefits, and the City was entitled to judgment as a matter of law.

{¶ 24} Parson's sole assignment of error is overruled.

### V.    Conclusion

{¶ 25} The trial court's judgment is affirmed.

. . . . . . . . . . . . .


WELBAUM, P.J. and EPLEY, J., concur.